OPINION OF THE COURT
Margaret Gammer, J.
Petitioner is suing the tenant of a rent-stabilized apartment for rent that it claims includes a self-executing rent increase.
The trial of the within nonpayment proceeding commenced on March 22, 1988. However, during petitioner’s case it became apparent that a threshold question existed as to whether this court has jurisdiction to grant the relief petitioner seeks or whether petitioner is first relegated to the Division of Housing and Community Renewal (DHCR). The parties there *1045 fore agreed to adjourn this matter for submission of papers on this question. Final memoranda were submitted on August 12, 1988.
Petitioner alleges that it made certain improvements to respondent’s apartment for which it is automatically entitled to a rent increase without first having to obtain approval of the DHCR. Petitioner relies on 9 NYCRR 2522.4 (a) (1) and (5) for its position. Petitioner maintains that these sections of the Rent Stabilization Code allow this court to set the new higher rent flowing from such improvements in any judgment resulting from this proceeding.
Respondent’s position, inter alia, is that the Emergency Tenant Protection Act (L 1974, ch 576, §4) and the Rent Stabilization Law (Administrative Code of City of New York § 26-501 et seq.) delegate to the DHCR exclusively the area of such rent increases and that a landlord cannot obtain an automatic rent increase, even assuming written consent and notwithstanding the Rent Stabilization Code.
STATUTORY AUTHORITY
The statutory authority for such rent increases is found in section 26-511 of the Administrative Code* which states in pertinent part:
"c. A code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code * * *
"(7) establishes a fair and consistent formula for allocation of rental adjustment to be made upon granting of an increase by the commissioner” (Administrative Code § 26-511 [c] [7]; emphasis added).
This section of the Rent Stabilization Law which is a catchall provision for increases not otherwise specifically mentioned plainly states that the increases can be granted only with the approval of DHCR. Nowhere in the Rent Stabilization Law is a mechanism established for owners to obtain automatic increases without DHCR approval. It is fundamental that when interpreting statutes the courts preserve legislative intent and give effect to the plain meaning of clear and unambiguous statutory language. (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976].)
*1046 While section 2522.4 (a) (1) and (5) of the Rent Stabilization Code (9 NYCRR), relied on by the petitioner, entitle a landlord to obtain a rent increase with the written consent of the tenant, these paragraphs must read in conjunction with subdivision (a) (13) of the same section. Subdivision (a) (13) states that: "The DHCR shall not grant an owner’s application for a rental adjustment pursuant to this subdivision * * * if it is determined by the DHCR prior to the granting of approval to collect * * * that the owner is not maintaining all required services” (emphasis added).
While there is an apparent conflict between the Rent Stabilization Code and the Rent Stabilization Law (its enabling statute), the only logical interpretation is to give effect to the enabling legislation especially in light of the aforesaid subdivision.
Such language makes it clear that DHCR approval is required for any increase pursuant to 9 NYCRR 2522.4 (a). For this court to relegate to itself the authority reserved to the DHCR by statute (Administrative Code § 26-511 [c] [7]) would undermine the statutory scheme and legislative intent. (Patrolmen’s Benevolent Assn. v City of New York, supra, 41 NY2d, at 208.)
"[I]ssue[s] with respect to standards of rent regulation, control or stabilization must be pursued through the administrative channels provided under the several regulatory enactments, and any codes adopted pursuant to them.” (520 E. 81st St. Assocs. v Lenox Hill Hosp., 38 NY2d 525, 528 [1976].) The granting or denial of a rent increase should first be passed upon administratively before being reviewed by the courts or enforced in a summary nonpayment proceeding.
Petitioner cannot maintain a summary proceeding based upon a sum which has not been reached in accordance with the Rent Stabilization Law. Accordingly, the petition is dismissed without prejudice.

 Respondent’s reliance on Emergency Tenant Protection Act § 6 (d) (McKinney’s Uncons Laws of NY § 8626 [d]) is misplaced since the cited section states, at its end, that it does not apply to New York City.