■ JUDITH SMITTEN, Respondent, v 56 MACDOUGAL STREET Co. et al., Appellants.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered on May 10, 1990, which found in favor of plaintiff against defendant in the amount of $44,796.83, is unanimously affirmed, without costs. The appeal from the order of the same court and Justice, entered on April 25, 1990, which granted plaintiff's motion pursuant to CPLR 3212 for summary judgment and denied defendants' cross motion pursuant to CPLR 3211 for dismissal of the complaint, is dismissed as superseded by the appeal from the aforesaid judgment, without costs.

Plaintiff was the first tenant in this formerly rent-controlled

apartment after a purported vacancy decontrol, for which the landlord did not file an initial legal rent registration, and did not file an annual registration from 1985 through 1988 inclusive. The plaintiff sought rent overcharges for a period covering March 1986 through November 1988, inclusive, alleging that the base rent was the last legal rent-controlled rate of $189.28 per month.

The IAS court properly determined that it had subject matter jurisdiction (Emergency Tenant Protection Act § 12 [L 1974, ch 576, § 4, as amended]; McKinney's Uncons Laws of NY § 8632 [a] [1] [f]). This is a rent overcharge proceeding and not, as defendants contend, a fair market rent appeal. A fair market rent appeal requires that the initial legal regulated rent be effectively determined (Rent Stabilization Law [Administrative Code of City of New York] § 26-513 [b] [1]), for which registration of the initial rent, plainly lacking here, is a prerequisite. (Rent Stabilization Code [9 NYCRR] § 2521.1 [a] [1].) The IAS court correctly held that since there was no initial registration, the legal rent rate was the last rate under rent control.

Further, as defendants failed to meet their burden of disproving willfulness, the IAS court properly awarded treble damages (Rent Stabilization Law § 26-516 [a]). It is the landlord's burden to disprove willfulness, which defendants failed to do. Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.