OPINION OF THE COURT
Judith J. Gische, J.
On the eve of trial respondent moved for summary judgment on his counterclaims for willful overcharge. On the trial date respondent by stipulation (dated Jan. 28, 1991) agreed that it waived petitioner’s prima facie case except as it relates to respondent’s claim for rent overcharge.
Petitioner claims and respondent does not dispute that respondent paid partial rent in August 1990 and has not paid any rent for September 1990 through February 1991. Peti *245 tioner claims that through February 1991, $3,671.08 is owed by respondent. Petitioner’s application to amend the petition through February 1991 is granted and the petition is so amended.
Respondent claims that the monthly rent for the subject rent-stabilized apartment was improperly calculated because beginning January 1, 1985 petitioner raised the monthly rent $7.63 per month, ostensibly for the installation of a new stove. Respondent argues that he never received a new stove and that in any event petitioner’s failure to obtain a New York State Division of Housing and Community Renewal (DHCR) order authorizing the increase precludes collection of same. Respondent claims that through January 1991 he was overcharged rent in the amount of $607.04 and according to exhibit B, that each month during the term of the present lease there is an additional overcharge of $9.08. Respondent is seeking treble damages pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (a).
Petitioner claims that in September 1984, respondent agreed to the increase and that the new stove was in fact installed shortly thereafter. Petitioner claims that under the Rent Stabilization Code (9 NYCRR 2522.4 [a] [1]) the increase was authorized and proper.
Rent Stabilization Code § 2522.4 (a) (1) and (4) provide that where an owner installs new equipment or improvements in an apartment, which equipment and/or improvements do not constitute major capital improvements as defined thereunder, the owner is entitled to a rent increase of V4oth the total cost "on written tenant consent to the rent increase.” There is no question but that under the Rent Stabilization Code itself the increase would be authorized without a DHCR order.
Based upon the reasoning set forth in Aron Assocs. v De La Cruz (141 Misc 2d 1044 [Civ Ct, Kings County 1988]), however, respondent argues that the statutory authority for rent increases under the Rent Stabilization Code set forth in Rent Stabilization Law (RSL; Administrative Code of City of New York) § 26-511 requires that all rent increases be made only by order of the DHCR. To the extent the Rent Stabilization Code is inconsistent with the enabling statute, respondent argues, it is invalid and cannot be enforced.
It is well established that a regulation enacted by an administrative body pursuant to an enabling statute is entitled to great deference and will not be set aside or disregarded unless *246 it is arbitrary, capricious or contrary to law. (Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325 [1990]; Ostrer v Schenck, 41 NY2d 782, 786 [1977]; Festa v Leshen, 145 AD2d 49 [1st Dept 1989].) An administrative agency may not, however, in the exercise of its rule-making authority, promulgate a regulation out of harmony with the plain meaning of the statute or not within the intention of the statute. (Boreali v Axelrod, 71 NY2d 1 [1987]; Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 104 AD2d 223 [1984], affd 66 NY2d 298 [1985].) On the other hand remedial regulations designed to promote the public good should be liberally construed. (Festa v Leshen, supra.)
Appellate authorities decided after Aron (supra) clearly show that the courts will uphold reasonable administrative regulations promulgated by the DHCR pursuant to its broad legislative mandate to protect tenants and the public interest. (Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, supra; Festa v Leshen, supra; MacDonald v Goldner, 151 AD2d 451 [1st Dept 1989]; Weintraub v Rudin Estates Co., 160 AD2d 483 [1st Dept 1990]; Cohen v Berger, 153 AD2d 920 [2d Dept Í989].) As the Court of Appeals stated in Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal (supra, at 328) in which the court upheld a Rent Stabilization Code provision regarding MCI increases to rent, "Effective August 2, 1985, the Legislature delegated to DHCR the authority to promulgate amendments to the Rent Stabilization Code * * * As the Appellate Division noted, addressing an issue similar to the one before us, 'by delegating to DHCR the authority to adopt an amendment to the code which "protects tenants and the public interest” * * * the Legislature clearly provided the agency with a broad mandate, which would inevitably require some changes in the legal relationship between landlords and tenants.’ ”
Rent Stabilization Law § 26-511 (c) (7) provides in pertinent part that: "A code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code: * * * (7) establishes a fair and consistent formula for allocation of rental adjustment to be made upon granting of an increase by the commissioner”.
Rent Stabilization Code § 2522.4 (a) (1) and (4) promulgated in essence by the Commissioner of the DHCR (Rent Stabilization Law § 26-511 [b]) provides in pertinent part:
*247 "An owner is entitled to a rent increase where there has been a substantial increase * * * of dwelling space or an increase in the services, or installation of new equipment or improvements, or new furniture or furnishings, provided in or to the tenant’s housing accommodation, on written tenant consent to the rent increase. In the case of vacant housing accommodations, tenant consent shall not be required * * *
"The increase in the monthly stabilization rent for the affected housing accommodations when authorized pursuant to paragraph (1) of the subdivision shall be i4oth of the total cost”.
Subsequent to the lower court ruling in Aron (supra), the DHCR reiterated its position that the aforementioned Code provision is valid and effective (see, DHCR "Fact Sheet” No. 12).
The Rent Stabilization Law does not specifically require a DHCR "order” for rent increases based upon improvements to the premises. It does, however, require DHCR approval. The Commissioner, by promulgating the formula contained in the Code has in fact stated what increases it approves. The regulation therefore is not arbitrary or capricious or contrary to the law and must be upheld.
Significantly, the Code provision serves the salutary goal of encouraging owners to improve or upgrade their properties which benefits both owners and tenants. Unreasonably high rent increases are protected against because: (1) the rent increases are limited to l/40th actual cost, (2) must be consented to by existing tenants and (3) must constitute improvements to and not just mere maintenance of the property. (Chan Bros. Realty Corp. v Kilpatrick, NYLJ, Mar. 13,1991, at 24, col 6 [Civ Ct, Kings County].) Moreover, if the Rent Stabilization Law were interpreted to require a prior DHCR order each time the landlord sought to install a new appliance, etc., given the present DHCR backlog on cases, the practical effect would be that no timely increases would be granted and no such improvements would be made.
While the court finds Rent Stabilization Code § 2522.4 (a) enforceable, under the circumstances of this particular proceeding, there continue to exist issues of fact regarding: (1) whether the appliance was actually installed; (2) what was the actual cost of such appliance; and (3) whether the written consent which acknowledges a $7 increase is effective to charge a $7.63 increase. Accordingly, the motion for summary *248 judgment on the counterclaim and a disposition on the underlying proceeding are held in abeyance pending a hearing on such issues as limited by the court. (CPLR 3212 [g].) The hearing is set for July 11, 1991 at 9:30 a.m.