OPINION OF THE COURT
Diana Johnson, J.
Respondent moves for partial summary judgment, seeking *898 an order from the court determining the legal rent for the premises.
As conceded by the respondent the essence of the dispute as to the legal rent involves two increases taken while the premises was vacant. These increases were based on improvements and new equipment, taken without approval of the Division of Housing and Community Renewal (DHCR) pursuant to section 2522.4 (a) of the Rent Stabilization Code (9 NYCRR).* Respondent argues, notwithstanding this Code section, that the Rent Stabilization Law (the enabling legislation) requires that all additional rent increases be approved by the DHCR.
Rent Stabilization Code § 2522.4 (a) (1) provides for an owner’s entitlement to a rent increase for improvements or new equipment provided to a tenant’s housing accommodation. Rent Stabilization Code § 2522.4 (a) (4) provides that such increase be l/40th of the total cost including installation. Rent Stabilization Code § 2522.4 (a) (5) provides the increase may be collected upon installation.
Respondent argues this regulatory scheme runs afoul of Rent Stabilization Law (Administrative Code of City of New York) § 26-511 which states in pertinent part:
"c. A code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code * * *
"(7) establishes a fair and consistent formula for allocation of rental adjustment to be made upon granting of an increase by the commissioner”.
DHCR’s interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference. (Matter of Salvati v Eimicke, 72 NY2d 784, rearg denied 73 NY2d 995.) Contrary to respondent’s view, Rent Stabilization Law § 26-511 as written does not lead to the immutable conclusion that each and every increase must be approved by the DHCR. Rather it only requires the Commissioner to grant increases on a fair and consistent formula. The Legislature left it to the DHCR to determine the procedure or mechanism to obtain rental increases, as evidenced by the language, "A code shall *899 not be adopted hereunder unless it shall appear to the division of housing and community renewal(Emphasis added.) It was an administrative determination by the DHCR that increases for individual apartment improvements, unlike major capital improvements which involve the whole building, be self-effectuating, without the involvement and approval of the DHCR in the first instance. The increase which the Commissioner has granted, using a fair and consistent formula, is 1/40th of the cost including installation. Consequently this court does not find Rent Stabilization Code § 2522.4 (a), in allowing rent increases for improvements to an individual tenant’s accommodation without obtaining DHCR approval, to be an unreasonable or irrational interpretation of the enabling legislation (Rent Stabilization Law § 26-511). Rather Rent Stabilization Code § 2522.4 (a) merely fills the interstices contained within the enabling legislation, the principle of which is the cornerstone of administrative law. (Matter of Nicholas v Kahn, 47 NY2d 24.)
In further support of her position respondent cites Aron Assocs. v De la Cruz (141 Misc 2d 1044) and its progeny. The decision in Aron is based on two grounds. The first, that the Rent Stabilization Law mandates DHCR approval for increases has already been addressed. The second is that the Code itself, pursuant to section 2522.4 (a) (13), requires DHCR approval for increases. This section in pertinent part provides, "The DHCR shall not grant an owner’s application for a rental adjustment pursuant to this subdivision [(a)], in whole or in part, if it is determined by the DHCR prior to the granting of approval to collect such adjustment”. Taken by itself Rent Stabilization Code § 2522.4 (a) (13) appears to require approval for all increases under Rent Stabilization Code § 2522.4 (a), both for individual unit and building-wide improvements. However, when section 2522.4 (a) is read in its entirety, and one does not focus solely on subdivision (a) (13), it appears that subdivision (a) (13) is out of harmony with the rest of section 2522.4 (a) in requiring approval for all increases under both subdivision (a) (1) and (a) (2), rather than just for increases under (a) (2). This is especially so in light of subdivision (a) (5) which states in relation to increases: "(5) Such increases shall not be collectible during the term of a lease then in effect, unless a specific provision in the tenant’s lease authorizes an increase during its term pursuant to an order issued by DHCR, except that increases pursuant to paragraph (1) of this subdivision may be collected upon installation *900 (Emphasis added.) Hence it is this court’s opinion that the Rent Stabilization Code does not require DHCR approval for increases due to improvements provided in Rent Stabilization Code § 2522.4 (a) (1).
Such a determination does not as respondent alleges, leave the tenant without protection or without any check on the landlord’s behavior. If the tenant has any doubt as to whether any work was done, or the cost of the improvements, the tenant may file an overcharge complaint with the DHCR. Thus, although not required to obtain approval from DHCR in the first instance, if challenged the burden is on the owner to justify the increase. The owner would be required to submit all relevant invoices, bills, canceled checks and any other relevant documents to the Administrator. If the owner cannot substantiate the increase the Administrator may disallow same, direct a refund and if warranted assess treble damages. (See, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, 171 AD2d 572.)
Accordingly this court determines that the increases taken by petitioner, $55.50 in 1988 and $3.46 in 1989 for improvements made to respondent’s apartment did not require DHCR approval. Pursuant to CPLR 3212 (b) the court grants partial summary judgment to petitioner to that extent and finds the increases are part of the legal- rent. Trial on the remaining issues set for April 6, 1992 at 9:30 in Part 18A.

 Although as pointed out by respondent, petitioner has only submitted an unnotarized statement rather than an affidavit in opposition to this summary judgment motion, as the issue is one of law rather than fact, even taking everything respondent alleges as true, the decision remains unaffected.