OPINION OF THE COURT
Memorandum.
Final judgment affirmed with $25 costs.
Petitioner commenced a nonpayment proceeding. The parties stipulated as to the facts which formed the basis for the court’s determination. On April 9, 1990 tenant signed a vacancy lease for the apartment in question, along with two alteration and improvement riders, with possession to com *760 menee on May 1, 1990. The monthly rent of $629.41 included within it rent increases for this rent-stabilized apartment for "alterations and improvements” of $124.28 per month. These increases were for renovations to the kitchen and for the installation of a new stove and refrigerator. The court below phrased the issue as being whether the Rent Stabilization Code provision in question (9 NYCRR 2522.4 [a] [1]) or the provisions of section 26-511 (c) (7) of the Rent Stabilization Law of 1969 (Administrative Code of City of New York) should govern. The question before the court was whether prior Division of Housing and Community Renewal (DHCR) approval was needed before a raise could be imposed for apartment improvements. The court determined that DHCR approval would not be required and therefore granted judgment for the petitioner.
Section 26-511 (c) (7) of the Administrative Code of the City of New York contains the relevant provisions of the Rent Stabilization Law (RSL) in issue, to wit:
"c. A code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code * * *
"(7) establishes a fair and consistent formula for allocation of rental adjustment to be made upon granting of an increase by the commissioner.”
Pursuant to the authority contained in the Rent Stabilization Law, a Rent Stabilization Code (RSC) was enacted and in part, it provides that (RSC [9 NYCRR] § 2522.4 [a] [1]): "An owner is entitled to a rent increase where there has been a substantial increase, other than an increase for which an adjustment may be claimed pursuant to paragraph (2) [major capital improvements to the entire building] of this subdivision, of dwelling space or an increase in the services, or installation of new equipment or improvements, or new furniture or furnishings, provided in or to the tenant’s housing accommodation, on written tenant consent to the rent increase. In the case of vacant housing accommodations, tenant consent shall not be required.” Paragraph (4) of RSC § 2522.4 (a) states in part that "The increase in the monthly stabilization rent for the affected housing accommodations when authorized pursuant to paragraph (1) of the subdivision [a] shall be l/40th of the total cost, including installation but excluding finance charges”.
The first reported case dealing with this issue was Aron Assocs. v De La Cruz (141 Misc 2d 1044) where the court *761 determined that the language of the RSC must be subordinated to that of the RSL and therefore prior DHCR approval would be required even for improvements and new appliances within one apartment. The holding was followed by the court in 61 5th Ave. Realty Co. v Reyes (NYLJ, May 29, 1991, at 30, col 1 [Civ Ct, Kings County]) wherein the court marked the case off the Trial Calendar pending DHCR approval of the increase.
In the case of Trio Realty Co. v Cofield (151 Misc 2d 244) the court noted that there was no question but that under the RSC an increase would be authorized without DHCR approval and stated (at 246), "Appellate authorities decided after Aron (supra) clearly show that the courts will uphold reasonable administrative regulations promulgated by the DHCR pursuant to its broad legislative mandate to protect tenants and the public interest” and then stated (at 247) that "[subsequent to the lower court ruling in Aron (supra), the DHCR reiterated its position that the aforementioned Code provision is valid and effective (see, DHCR 'Fact Sheet’ No. 12 [rent increases for new services, new equipment, or improvements to an apartment])”. The court pointed out that the RSL does not require a DHCR "order” for a rent-stabilized increase, and only requires that the DHCR approve such an increase by promulgating a consistent formula. The court explained what the protections for the tenant would be and mentioned the incentives to the landlord for following such an interpretation.
In 2505 Bedford Realty Co. v Woodson (152 Misc 2d 897, 898 [Civ Ct, NY County]) the court noted the apparent "conflict” between the RSL and the RSC as set forth above and mentioned that "DHCR’s interpretation of the statutes it administers, if not unreasonable or irrational is entitled to deference (Matter of Slavati v Eimicke, 72 NY2d 784, rearg denied 73 NY2d 995).” The court noted the presence of a consistent formula for such an increase (l/40th) and concluded that it was rational and not arbitrary and should be upheld.
This court is in agreement with the last two cited cases, and holds that DHCR approval is not required for increases sought under 9 NYCRR 2522.4 (a) (1). The interpretation in Aron (supra), while strictly literal, did not have the benefit of the subsequent "Fact Sheet” issued by the Commissioner, which indicated that such approval was not required for improvements to a specific apartment. Moreover, given the practical effect of the Aron rule, there would be no incentive for landlords to make improvements in light of the tremendous *762 backlog in cases already pending before the DHCR (such as MCI applications). A tenant would not be left without a remedy, since if the appliances or improvements are not installed or if there are cuts in other services, the landlord would be subject to charges of overpayment by the tenant before the DHCR. We therefore affirm the final judgment appealed from.
Monteleone, J. P., Aronin and Scholnick, JJ., concur.