■ In the Matter of H&R EXECUTIVE TOWERS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RE-

NEWAL, Respondent, et al., Respondent. [652 NYS2d 27] —Judgment, Supreme Court, Bronx County (Lottie Wilkins, J.), entered March 27, 1995, which denied petitioner landlord's application pursuant to CPLR article 78 to annul respondent Division of Housing and Community Renewal's (DHCR) imposition of partial treble damages in a rent overcharge proceeding, and dismissed the petition, unanimously affirmed, without costs.

Respondent tenant took occupancy of the subject apartment on May 1, 1984. Petitioner's obligation to serve the tenant with a Rent Registration (RR-1) form was clearly set forth in Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-517 (d), and in the "Instructions for Rent Registration" issued in January 1984 (upon which petitioner purportedly relied), but it never complied therewith. Petitioner did, however, file the initial rent registration, with DHCR, in June 1984, listing the apartment as vacant even though the tenant took occupancy on May 1, 1984. Because of this failure to demonstrate proper service and filing of the initial registration form, DHCR was authorized to review the owner's rent records back to 1980 to establish the legal regulated rent for the apartment (*see, Smitten v 56 MacDougal St. Co.*, 167 AD2d 205). In doing so, it also determined that the last two rent stabilized tenants of the apartment also had been overcharged. Under the circumstances, the finding that petitioner failed to prove that the rent overcharges were not willful is supported by substantial evidence (Administrative Code § 26-516 [a]; *Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 823). Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.