■ In the Matter of MICHAEL DATTOMA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [689 NYS2d 634] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered January 20, 1998, which, to the extent appealed from, denied and dismissed petitioner tenant's application pursuant to CPLR article 78 to annul a December 20, 1996 order of respondent New York State Division of Housing and Community Renewal (DHCR), to the extent that said order denied petitioner's petition for administrative review of the Rent Administrator's determination setting the legal regulated rent for the subject apartment at $1,115.25 and assessing a total of $31,369.43 in overcharges and treble damages against respondent landlord GSL Enterprises/Windsor Place Corporation, unanimously affirmed, without costs.

In this rent overcharge proceeding, petitioner tenant concedes that respondent DHCR properly utilized its default formula upon the landlord's failure to produce the rental history for the subject apartment (*see, Matter of Bauer v New York State Div. of Hous. & Community Renewal*, 225 AD2d 410, *lv denied* 88 NY2d 805; *Matter of Drewbar Realty Co. v State of New York Div. of Hous. & Community Renewal*, 181 AD2d 617). Our holding in *Smitten v 56 MacDougal St. Co.* (167 AD2d 205) is not applicable within the context of this article 78 proceeding, and petitioner has not otherwise demonstrated the existence of any ground upon which we might disturb respondent agency's interpretation and application of its default formula to the facts of this case (*see, Matter of Anso-*

*nia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213). Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.