(February 8, 2000)

■ In the Matter of RICHARD ACUNTO et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, et al., Respondent. [702 NYS2d 811] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered September 17, 1998, which granted the CPLR article 78 proceeding petition challenging a Division of Housing and Community Renewal order dated July 11, 1997 establishing a fair market rent in accordance with its own guidelines, to the extent of remanding the matter to the agency for further proceedings to fix a fair market rent in conformity with the last rent controlled rent, unanimously reversed, on the law, without costs, the agency determination confirmed and the petition dismissed.

Petitioners' reliance on *Smitten v 56 MacDougal St.* (167 AD2d 205) is misplaced in the context of this article 78 proceeding (*Matter of Dattoma v New York State Div. of Hous. & Community Renewal*, 262 AD2d 54). The initial registered rent contemplated by Rent Stabilization Code (9 NYCRR) § 2521.1 (a) (1) is "the rent agreed to by the owner and the tenant" (i.e., the rent negotiated at the start of the tenancy), applicable in rent overcharge proceedings when the landlord fails to produce a rental history for the subject apartment. Here, we review an

agency determination, rather than a judicial order resolving a rent dispute presented to a court in the first instance (*compare, Smitten v 56 MacDougal St., supra; cf., Matter of Bambeck v Division of Hous. & Community Renewal,* 129 AD2d 51, 57, *lv denied* 70 NY2d 615). The agency applied its own procedures and formula to determine the regulated rent for the apartment, to which we necessarily defer upon review of that agency's determination (*Matter of Bambeck v Division of Hous. & Community Renewal, supra,* at 57). Insofar as our review is limited to whether the agency's determination was rationally based (*Greenberg Real Estate v Division of Hous. & Community Renewal,* 258 AD2d 313), and petitioners have failed to demonstrate to the contrary, the agency's methodology and calculations must be upheld. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.