■ SOPHIA RAMLIE, Appellant, v SOUFER FAMILY L. L. C. et al., Respondents. [731 NYS2d 455] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 22, 2001, which, *inter alia*, granted defendant landlord's motion for summary judgment dismissing plaintiff tenant's cause of action for a rent overcharge, without prejudice to reinstatement upon completion of a fair market rent appeal, unanimously affirmed, without costs.

The 1990 and 1991 registrations of the subject apartment as rent stabilized were clearly clerical errors committed by the prior owner, since the same tenant thereafter continued to occupy the apartment at the same rent control rate that was listed in 1984, the first year of registration. Thus, there is no question that plaintiff was the apartment's first rent stabilized tenant. Accordingly, plaintiff cannot assert a claim for rent overcharge, but instead must file a fair market rent appeal with the Division of Housing and Community Renewal (Rent Stabilization Code [9 NYCRR] § 2521.1 [a] [1]; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-513; *see, Matter of Acunto v New York State Div. of Hous. & Community Renewal*, 269 AD2d 169, *lv denied* 95 NY2d 767). To the extent that *Smitten v 56 MacDougal St. Co.* (167 AD2d 205) holds that a landlord's failure to register an apartment as rent stabilized results in an initial legal regulated rent equal to the last rent under rent control, such holding was overruled by subsequently enacted amendments to Rent Stabilization Law § 26-517 (e) (*see, Murray v Morrison*, 181 Misc 2d 209, 214).

We have considered and rejected plaintiff's other contentions. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Buckley, JJ.