■ In the Matter of GARSON MANAGEMENT COMPANY LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND

COMMUNITY RENEWAL et al., Respondents, and CHRISTOPHER PORTE, Appellant. [759 NYS2d 75] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered November 27, 2001, which granted the petition brought by Garson Management Company LLC pursuant to CPLR article 78 to annul the determination of respondent Division of Housing and Community Renewal (DHCR), dated December 6, 2000, insofar as it found a rent overcharge and awarded respondent tenant Porte $19,125.37, unanimously affirmed, with costs.

DHCR awarded respondent tenant damages for a rent overcharge predicated upon its finding that petitioner landlord was not entitled to a rent increase for major capital improvements completed without the tenants' consent at a time when the apartment in question was not vacant (see Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]). The administrative record, however, demonstrated indisputably that the apartment was in fact vacant at the time of the improvements at issue, the new tenants not having yet moved in, and that although the lease term had begun some two weeks prior to the completion of the improvements, petitioner had waived its entitlement to the first month's rent. Under these particular circumstances, the administrative finding that the apartment was occupied at the time of the improvements was contrary to fact and the consequent partial disallowance of the major capital improvement rent increase sought was thus not rationally based (see Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]).

We have considered respondent-appellant's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.