OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by increasing the amount of the monetary award to $726.14 and by vacating the oral order and providing that landlord’s motion to sever and dismiss tenant’s counterclaim challenging the individual apartment improvement increase is granted without prejudice to tenant’s assertion of the claim before the Division of Housing and Community Renewal (DHCR). As so modified, final judgment affirmed without costs.
In this nonpayment proceeding, tenant, by way of affirmative defense and counterclaim, challenges an individual apartment improvement (IAI) increase taken by landlord for improvements made while the apartment was vacant (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1] [RSC]; see Global Mgt. v Richards, 152 Misc 2d 759 [App Term, 2d & 11th Jud Dists 1992] [prior DHCR approval not required for IAI increase]; 74A NY Jur 2d, Landlord and Tenant § 439). Prior to trial, landlord orally moved to sever and dismiss tenant’s challenge to the IAI increase without prejudice to tenant’s assertion of the claim before the DHCR. Landlord argued that, while the court might have concurrent jurisdiction over the claim, the Division of Housing and Community Renewal was the more appropriate forum to hear the claim. The housing court denied landlord’s application. At trial, landlord’s supervising agent testified as to the arrears owed and as to the renovations made in the apartment, including the installation of a new kitchen, which involved the demolition of the existing floor and subfloor, new plumbing, *14 installing a new “stand up” refrigerator, a sink, a “20-inch stove” and range hood, cabinets and countertops, additional alterations to facilitate the changeover from a gas to an electric stove, new floor tiles and moldings, and fluorescent lighting and its associated switches, outlets and covers. The agent also testified that landlord renovated the bathroom, installing a new vanity with “cultured marble top and center faucet,” the plumbing fixtures “that go with the bathroom sink,” and a glass shower enclosure. Landlord submitted the work contract, which identified the work done in the kitchen at total cost of $3,250 and the work done in the bathroom at a cost of $800, but did not otherwise break down these charges. Landlord also submitted canceled checks for the refrigerator and stove.
After trial, the housing court disallowed the LAI improvement increase for the kitchen and bathroom renovations because landlord’s invoice did not adequately break down the cost of the work. It also disallowed the cost of the refrigerator and stove based on landlord’s failure to prove that these were improvements rather than repairs. Accordingly, the court reduced the rent by the amount of the renovation increase and awarded landlord final judgment for possession and arrears after a setoff to tenant of the amount of the overcharges. The final judgment was subsequently amended to, inter alla, take into account a payment that tenant had made pursuant to a stipulation.
On this appeal, landlord contends that, in the City of New York, DHCR has exclusive jurisdiction over overcharge claims. The burden of landlord’s argument is that the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended [ETPA]) provides for concurrent jurisdiction in the courts over overcharge claims only “within a city having a population of less than one million” (ETPA § 12 [a] [1]; [f]), whereas, “within a city having a population of one million or more,” DHCR is given the power to enforce the ETPA (ETPA § 12 [b]). Landlord argues that intermediate appellate court decisions {infra) holding that the New York City courts have concurrent jurisdiction over overcharge claims are inconsistent with the Court of Appeals ruling in Sohn v Calderon (78 NY2d 755 [1991] [DHCR has exclusive jurisdiction to issue certificates of eviction under rent control and to determine whether a landlord may withdraw an apartment from the market and demolish a building under rent stabilization]) and that the language of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4 [RSL]), like the language relied upon in Sohn, indicates a legislative *15 intent that the DHCR would determine the overcharge issue (e.g. RSL § 26-512 [b] [4] [iii] [“(w)here the commissioner had determined that the rent charged is in excess of the lawful rents”]; see also RSL § 26-516 [a] [“any owner . . . who ... is found by the state division of housing and community renewal ... to have collected an overcharge”]).
We reject landlord’s contention as formulated. As landlord concedes, there is ample appellate authority applying the concurrent jurisdiction provision of the ETPA to overcharges asserted under the RSL (e.g. Crimmins v Handler & Co., 249 AD2d 89, 90 [1st Dept 1998]; Wolfisch v Mailman, 182 AD2d 533 [1st Dept 1992]; Smitten v 56 MacDougal St. Co., 167 AD2d 205, 206 [1st Dept 1990]; Ft. Greene Assets, Inc. v Delaine, NYLJ, Mar. 27, 1995, at 30, col 3 [App Term, 2d & 11th Jud Dists]; 310 W. End Ave. Owners v Rosenberg, NYLJ, Aug. 28, 1991, at 21, col 4 [App Term, 1st Dept]). The rationale underlying these decisions may be that statutes such as the ETPA and RSL are in pari materia and should be construed together (see BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 93 [1st Dept 2002]). In any event, the Legislature has acknowledged that it is fully aware that courts in New York City are exercising concurrent jurisdiction over overcharge claims and has ratified these decisions by amending and clarifying the statute of limitations governing court actions for residential rent overcharges (CPLR 213-a) in response to court decisions exercising such concurrent jurisdiction (L 1997, ch 116, § 34; see Sponsor’s Mem, Bill Jacket, L 1997, ch 226; see also Myers v Frankel, 184 Misc 2d 608, 613 [App Term, 2d & 11th Jud Dists 2000], mod on other grounds 292 AD2d 575 [2d Dept 2002]; Matter of Gelston v New York State Div. of Hous. & Community Renewal, 177 Misc 2d 431, 435 [1998]). It is thus now clear that New York City courts have concurrent jurisdiction over overcharge claims generally.
However, while this may be the case with respect to overcharge claims generally, it is our view that the DHCR has exclusive original jurisdiction to hear challenges to LAI increases (Global Mgt. v Richards, 152 Misc 2d at 762; 2505 Bedford Realty Co. v Woodson, 152 Misc 2d 897, 900 [Civ Ct, NY County 1992]; 74A NY Jur 2d, Landlord and Tenant § 439, at 71 [“the tenant’s remedy (is) the filing of an overcharge complaint with the DHCR”]; but see Woltall Apts. v Byrd, NYLJ, Apr. 2, 1993, at 26, col 3 [Civ Ct, NY County] [court has concurrent jurisdiction over IAI challenges]; Fifth Ave. Assoc. v Rodriguez, NYLJ, *16 May 20, 1992, at 25, col 4 [Civ Ct, Kings County] [same]; see also PWV Acquisition v Toscano, 2003 NY Slip Op 51048[U] [App Term, 1st Dept 2003] [determining the IAI challenge without adverting to the jurisdictional issue]; 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1 [App Term, 1st Dept] [same]; E&W Realty Co. v Fettner, NYLJ, Aug. 22, 1997, at 21, col 1 [App Term, 1st Dept] [same]). The Rent Stabilization Code provides that a determination of an appropriate improvements-based adjustment, whether MCI or IAI, must be based on a consideration of all the equities involved, including hardship, the return to the owner, and the rental value of the apartment. RSC § 2522.4 (a) (6), applicable to both MCIs and IAIs, states:
“The determination of the appropriate adjustment of a legal regulated rent shall take into consideration all factors bearing on the equities involved, subject to the general limitation that the adjustment can be put into effect without dislocation and hardship inconsistent with the purposes of the RSL, and including as a factor a return of the actual cost to the owner, exclusive of interest or other carrying charges, and the increase in the rental value of the housing accommodations.”
Where such a global examination of all relevant factors is mandated, the determination necessarily invokes the rent-setting power of the agency, a power which is exclusively administrative in nature and not, at least in the first instance, one which is within the purview of the courts (Wasservogel v Meyerowitz, 300 NY 125, 132 [1949]; 2 NY Jur 2d, Administrative Law § 68). In these circumstances, it must have been intended that DHCR would pass on the propriety of the increase in the first instance (see e.g. RSC § 2522.4 [a] [13] [“The DHCR shall not grant an owner’s application for a rental adjustment pursuant to this subdivision [a] . . . if it is determined by the DHCR . . . that the owner is not maintaining all required services . . .” (emphasis added)]; cf. Sohn v Calderon, supra [relying on language such as “the agency determines” to find that DHCR has exclusive jurisdiction over the issuance of certificates of eviction]).
Moreover, DHCR’s Policy Statement (Policy Statement 90-10, June 26, 1990) setting forth the methods for processing both MCI and IAI applications requires the use of methods which are administrative and not judicial in form. For example, the Policy Statement allows the processor to request additional documen *17 tation of a claimed cost, a procedure often employed by the agency. The agency’s promulgation of such informal processing methods clearly contemplates agency rather than judicial determination of the claim (see e.g. Matter of Benjamin v State Liq. Auth. of State of N.Y., 13 NY2d 227, 231 [1963] [administrative agencies may employ more informal rules of procedure than courts]; 2 NY Jur 2d, Administrative Law § 201; see generally Hanjorgiris v Lynch, 298 AD2d 251 [1st Dept 2002] [DHCR’s reliance on documents provided pursuant to Policy Statement 90-10 was not arbitrary and capricious]). Since both the criteria and procedures prescribed by the agency for the determination of IAI challenges are administrative in nature, concurrent judicial jurisdiction could not have been intended.
Some of the courts which have concluded that concurrent jurisdiction exists over IAI challenges have done so out of concern that delays at DHCR may result in the eviction of tenants who cannot afford to pay the increase until the DHCR has made its determination (Woltall Apts. v Byrd, supra). In addition, allowing a landlord to recover an IAI increase before DHCR has determined its propriety may open the door to landlord misconduct in claiming increases for improvements that were not made. These concerns can be obviated to a large extent by conditioning the landlord’s right to recover the increase in a summary proceeding, prior to the DHCR determination, upon a showing, to the satisfaction of the court, of a likelihood that landlord will be successful at DHCR. A landlord who fails to make such a showing may be denied the right to recover the increase until he obtains DHCR approval for the increase.
In the instant case, landlord made such a showing by introducing the documents required under Policy Statement 90-10 as well as testimony from the person who supervised the improvements. We note that Policy Statement 90-10 does not, as the trial court did, “mandate an itemized list of costs” (Matter of Park Towers S. Co., DHCR Administrative Review Docket No. KB 41009 RP [1996]) and that DHCR commonly allows increases for the installation of new stoves and refrigerators when these are installed as part of an overall remodeling of the kitchen (Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, 171 AD2d 572 [1991]; Matter of Mahon, DHCR Administrative Review Docket No. KA 410161 RT [1996]).
We further note that the instant increase did not require tenant’s consent (RSC § 2522.4 [a] [1]). All renovations but for the installation of the two appliances were carried out after the *18 previous tenant had vacated and before tenant took possession. The fact that tenant’s lease term commenced several days before the appliances were installed did not vitiate landlord’s entitlement to the increase (Matter of Garson Mgt. Co. v New York State Div. of Hous. & Community Renewal, 305 AD2d 261, 262 [2003]).
Accordingly, we increase the monetary award to landlord to $726.14, representing the arrears through the time of trial, as testified to by landlord’s agent, of $2,276.90, less the payment by tenant pursuant to the stipulation of $1,550.76.
Pesce, EJ., Aronin and Patterson, JJ., concur.