OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by increasing the award to landlord to the sum of $6,699.48; as so modified, affirmed without costs.
In this nonpayment proceeding, landlord established that tenant did not pay the July 2002 rent of $1,346.80 and the monthly rent of $1,400.67 for the months of August through November 2002, for a total of $6,949.48. Tenant asserted defenses of rent overcharge and breach of the warranty of habitability. Tenant’s rent overcharge defense was based on a claim that an individual apartment improvement (IAI) increase taken by landlord for improvements made while the apartment was vacant (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1] [RSC]) was not justified. At trial, landlord introduced canceled checks totaling $60,400, allegedly paid to a contractor for a gut rehabilitation of the apartment. Since the checks were not earmarked and many were not contemporaneous with the work, the court disallowed the entire $60,400. The court also made no allowance for landlord’s payments to an architect, who testified that he charged landlord approximately $5,700 for his work on the apartment. However, the court did allow certain receipted expenses totaling $14,483.61 for appliances, doors, bathroom fixtures, and kitchen cabinets and countertops. It therefore awarded landlord a V40 IAI increase of $362 above the base rent of $429.35, and determined, after factoring in other vacancy and guideline increases, that the legal rent as of the August 1, 2000 lease was $1,104.84. The court also computed the subsequent guideline increases and determined the legal rents for the following two renewal leases and awarded tenant a setoff for the overcharges it determined were collected by landlord. In addition, it awarded tenant an abatement of $522.46 because of a window leak, leaving landlord with a net judgment of $550.15. Landlord appeals on the ground of inadequacy, arguing that it established its entitlement to legal regulated rents in excess of *117 $2,000, and certainly in excess of the lease rents sought, and that the abatement awarded was excessive.
In Rockaway One Co., LLC v Wiggins (9 Misc 3d 12 [App Term, 2d & 11th Jud Dists 2004], Iv granted chttp:// www.courts.state.ny.us/reporter/motions/12-09-2004_MOTION_ LIST.htm#M19213b> [App Div, 2d Dept]), this court held that the Division of Housing and Community Renewal (DHCR) has exclusive original jurisdiction to determine the propriety of IAI increases taken by owners. This court further held that where an owner brings a nonpayment proceeding and no proceeding has as yet been brought before DHCR, the owner’s burden in the nonpayment proceeding is limited to establishing that its claim for the improvements is genuine and that it has a likelihood of success in any proceeding brought before the agency. Upon the tenant’s motion for leave to appeal to the Appellate Division (Rockaway One Co., LLC v Wiggins, <http://www.courts.state.ny.us/reporter/motions/07-15-2004_AT2_ 2004_AT2_MOTIONS.htm> [App Term, 2d & 11th Jud Dists]), this court noted that the tenant could have sought a stay of the nonpayment proceeding upon a proper showing of merit (see Reynolds v Division of Hous. & Community Renewal, 199 AD2d 15 [1993]). Of course, such a stay should be contingent upon a tenant’s expeditiously filing and prosecuting the overcharge claim before the agency.
In Policy Statement 90-10, DHCR has set forth the proof it requires as confirmation of claimed IAI costs. The Policy Statement provides, in pertinent part:
“Any claimed MCI or individual apartment improvement cost must be supported by adequate documentation which should include at least one of the following:
“1) Cancelled check(s) contemporaneous with the completion of the work;
“2) Invoice receipt marked paid in full contemporaneous with the completion of the work;
“3) Signed contract agreement;
“4) Contractor’s affidavit indicating that the installation was completed and paid in full.”
In the instant case, landlord introduced canceled checks totaling $18,600 which were paid to landlord’s contractor between March 27, 1999 and July 9, 1999, contemporaneously with the work performed. In light of the testimony of landlord’s principal and its architect and the other documentary and photographic *118 proof, all tending overwhelmingly to establish that a gut rehabilitation was done, these payments should not have been disallowed by the court. The fact that these checks were not earmarked for the subject apartment would not, in these circumstances, render them insufficient proof in DHCR’s eyes (see Matter of McFadden, DHCR Admin Rev Docket No. PI410032RT, Oct. 2, 2002). The same cannot be said, however, of the balance of the canceled checks, totaling $41,800, paid to the contractor between December 9, 1994 and December 27, 1999. These checks were not contemporaneous with the work done or with its completion and thus not sufficient proof under the Policy Statement. In light of the numerous other apartments rehabilitated by the contractor in question for landlord, we agree with the trial court’s finding that these payments were not adequately shown to be connected to the subject apartment, even though landlord submitted a contractor’s invoice purporting to be for the total of $60,400. Nothing herein, however, is intended to estop landlord from seeking to establish before DHCR its entitlement to a credit for the full $60,400 in expenses or to estop tenant from challenging the entire increase.
Since landlord showed a likelihood of success before DHCR to an entitlement not only to the amounts allowed by the trial court but also to at least an additional xUo of $18,600, or $465, we add this amount back into the legal regulated rents as determined by the lower court. Inasmuch as this brings the legal regulated rents above the lease rents sought, we find that landlord established its right to recover the lease rents in this proceeding, and we disallow the rent overcharge setoffs awarded by the lower court.
We also agree with landlord that the abatement awarded was excessive. Tenant testified that leaks from the living room window substantially interfered with his usage of the apartment on five or six occasions when there were driving rains. Inasmuch as the rent for the apartment, calculated on a daily basis, is less than $50 per day, an abatement of $522.46 was not justified for the five or six days when the rains interfered with tenant’s use of the apartment, and we reduce the abatement to $250. Accordingly, landlord is entitled to judgment for the unpaid rents of $6,949.48 less an abatement of $250, or $6,699.48.
Pesce, PJ., Patterson and Golia, JJ., concur.