■ MILTON E. HARRINGTON, JR., Respondent, v STATE OF NEW YORK OFFICE OF COURT ADMINISTRATION, Respondent; ROBERT W. COUTANT, as Judge of the County Court of Broome County, Defendant, and LLOYD W. MERRITT, as Town Justice of the Town of Kirkland, Appellant. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered June 11, 1982 in Broome

County, which, *inter alia,* granted summary judgment to plaintiff as against defendants Coutant and Merritt, and denied plaintiff's demand for declaratory relief as against defendant State of New York Office of Court Administration. Following a conviction in the Town Court of the Town of Kirkwood of driving with more than .10% of alcohol in his blood, plaintiff filed a notice of appeal with the Broome County Court. He was subsequently notified by the County Court that as a nonindigent defendant he was obligated, under CPL 460.70 (subd 1), to pay for two copies of his trial transcript or his appeal would be dismissed for failure to prosecute. One of the two copies would be for the trial court's use and the other for his own use. Plaintiff obtained a preliminary injunction restraining County Court from dismissing his appeal, and brought a declaratory action against defendants State of New York Office of Court Administration, County Judge Robert W. Coutant and Town Justice Lloyd W. Merritt for a determination that payment for the trial court's copy of his transcript was the responsibility of the town court.[*] Defendants moved to dismiss plaintiff's action, and plaintiff then moved for summary judgment against all three defendants. Special Term dismissed the complaint as to defendant Office of Court Administration and granted plaintiff summary judgment against defendant Merritt. This appeal followed. Defendants rely on CPL 460.70 (subd 1): "When an appeal is taken by a defendant pursuant to section 450.10, two transcripts shall be prepared and settled, one of which shall be filed with the criminal court by the court reporter, except that where the defendant is granted permission to proceed as a poor person by the appellate court, the court reporter shall promptly make and file with the criminal court two transcripts * * *. The expense of the transcripts prepared for poor persons under this section shall be a state charge payable out of funds appropriated to the office of court administration for that purpose. The appellate court may where such is necessary for perfection of the appeal, order that the criminal court furnish one of such transcripts to the defendant or his counsel." Clearly, the only express language dealing with the obligation to pay for the two mandated transcripts concerns indigent defendants. Since nothing is stated about payment when the defendant is not indigent, in order to decide this question it is necessary to examine the legislative history of section 460.70. From 1911 to 1962, section 456 of the Code of Criminal Procedure (the predecessor statute to CPL 460.70) provided that, following service of a notice of appeal, one copy of a criminal trial transcript was to be prepared and filed with the trial court at public expense (L 1911, ch 667, § 1). This was to be done whether or not the defendant was indigent. If the defendant also wanted a copy of the transcript for his own use in preparing his appeal, he had a right of access to the transcript filed with the trial court, again regardless of his indigency or nonindigency (see *People v Politano,* 32 Misc 2d 530, 531). A nonindigent defendant could, of course, purchase his own copy. Prior to 1962, however, there was no statutory provision for furnishing a free copy to an indigent defendant (see *People v Pitts,* 6 NY2d 288, 292). In 1962, section 456 was amended to (1) authorize trial and appellate courts to provide an indigent defendant with a copy of a transcript and (2) require that two transcripts be prepared in every instance (so that, in addition to the copy for the trial court, a copy would be available for an indigent defendant) (L 1962, ch 889, § 1). A nonindigent defendant still generally purchased a separate (third) copy of the transcript in order to prepare a record on appeal (*People v Politano,* 32 Misc 2d 530, 531, *supra*). In 1970, section 456 was incorporated into CPL 460.70. By 1977, it had become apparent that the automatic two-transcript requirement of CPL 460.70 was wasting large amounts of public money (see *Matter of*

---

[*] Plaintiff does not claim to be indigent and does not dispute his obligation to pay for his own personal copy of the transcript.

*Cooper v Criminal Ct. of City of N. Y.*, 71 Misc 2d 367). Under section 460.70, two transcripts were automatically prepared at public expense upon the filing of every notice of appeal, regardless of whether an appeal would be perfected or whether the defendant was indigent. Whenever the defendant was not indigent, the automatic "indigent's copy" went unused. Furthermore, after the 1969 Court of Appeals decision in *People v Montgomery* (24 NY2d 130), defense counsel routinely began to file a notice of appeal upon every conviction, in order to preserve the defendant's right of appeal, with the consequent increase not only in the number of transcripts automatically prepared (and in the time lag involved in getting them transcribed), but also, of course, in the number of transcripts that were wasted because of unperfected appeals. Therefore, in 1977 the Advisory Committee on Criminal Law and Procedure proposed an amendment to section 460.70 to reduce the waste by (1) requiring the preparation of only one transcript (because any needed additional copies could be produced inexpensively by means of photocopying), (2) specifying that where a defendant had been given poor person status, the transcript would be prepared at public expense, and (3) specifying that a nonindigent defendant would get a transcript "in accordance with CPLR 5525" (i.e., pay for it himself, as he would be required to do in a civil action). This proposed amendment was itself amended twice before it became law. The final version reinstated the two-transcript requirement. It also specified that the State would pay for both copies for an indigent, but did not state who is responsible for payment when the defendant is not indigent (L 1977, ch 695). Following passage of this amendment, on October 25, 1977, Richard Comiskey, then Director of Administration for the Third Judicial Department, circulated a memorandum clarifying that under the amended section 460.70, a transcript should only be prepared after either "(1) a non-indigent defendant or his attorney orders a copy and makes arrangements for payment (in such cases a second copy should be filed with the criminal court by the court reporter and will be paid for by the State); or, (2) a defendant is granted permission by the Appellate Court to proceed as a poor person (in such cases two transcripts of the stenographic minutes shall be prepared and filed with the criminal court and will be paid for by the State)." This memorandum was circulated a second time, on November 7, 1979, to all Third Judicial Department City, County, and Family Court Judges and court reporters. It was followed within the Third Department until July 21, 1981, when, in response to an inquiry from the Broome County Court in regard to the instant case, a new memorandum, prepared by counsel to the Office of Court Administration, reinterpreted CPL 460.70 (subd 1) as requiring nonindigent defendants to pay for both transcripts. Although the 1977 amendment to CPL 460.70 was inartfully drawn, it is clear, upon consideration of its legislative history, its predecessor statute, and its original administrative interpretation, that its purpose was to eliminate wasteful, automatic preparation of unnecessary transcripts. The Comiskey memoranda effected this intent by requiring a threshold step by a defendant before transcripts were prepared (for an indigent defendant, gaining poor person status; for a nonindigent defendant, ordering a copy and arranging for its payment), rather than having mere filing of a notice of appeal automatically trigger transcription. There is nothing in the extensive legislative history before us that indicates that a goal of the 1977 amendment was to shift the expense of the trial court's copy of the transcript to nonindigent defendants. Indeed, it appears likely that the lack of any mention in the amendment regarding a nonindigent's financial obligation was merely an unfortunate oversight resulting from the amendment's having been revised so many times before it was finally passed. From 1911 to 1977, the statute had provided that the trial court's copy of the transcript was a

public expense. In the absence of explicit language clearly manifesting the intention of changing this long-established practice, we decline to infer such an intent (*Buduson v Curtis,* 285 App Div 517, 519-520, affd 309 NY 879). Accordingly, Special Term's determination that "the 1977 amendment did not change the public's responsibility for the expense of the copy filed with the trial court" should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur. [114 Misc 2d 351.]