■ COUNTY DOLLAR CORPORATION, Appellant, v ELISE DOUGLAS et al., Respondents.—Order, Appellant Term, First Department (Stanley S. Ostrau, P. J., Stanley Parness, Edith Miller, JJ.), entered July 18, 1989, which affirmed an order, Civil Court, New York County (Bruce J. Gould, J.), entered May 18, 1988, unanimously affirmed, without costs.

Petitioner, owner of an interim multiple dwelling, commenced nonpayment proceedings against loft tenants. The Civil Court dismissed the petitions at the close of·petitioner's case for failure to comply with an owner's obligation pursuant to Multiple Dwelling Law § 284 (1) (i). Petitioner appealed and the Appellate Term affirmed on the basis of the majority opinion in *902 Assocs. v Total Picture Creative Servs.* (144 Misc 2d 316, 318 [Ostrau, P. J., dissenting]). We agree.

Article 7-C of the Multiple Dwelling Law (the Loft Law) balances the interests of loft tenants and owners. While the statute allows owners to collect rent despite the lack of an appropriate certificate of occupancy, it specifically conditions that relief upon compliance by the owner with the Loft Law (Multiple Dwelling Law § 285). The statute sets forth such obligations to legalize a covered loft building (Multiple Dwelling Law § 284). Petitioner contends that a nonpayment proceeding may be maintained upon a showing of compliance with the registration requirement (Multiple Dwelling Law § 284 [2]) and a reasonable attempt to comply with the four step-legalization procedure of Multiple Dwelling Law § 284 (1) (i). An attempt is insufficient, although we are informed that subsequent to the nonjury trial, additional actions were taken by the petitioner landlord which could establish compliance, and we do not foreclose a further proceeding to so establish. An owner must prove compliance with legalization requirements in order to maintain a nonpayment proceeding *(Lower Manhattan Loft Tenants v New York City Loft Bd.,* NYLJ, Aug. 15, 1984, at 11, col 1 [Sup Ct, NY County]; *Cobra Resources v Dumpl, Inc.,* 138 Misc 2d 91; *Greeting Card Publishers v Spencer,* 141 Misc 2d 800; *902 Assocs. v Total Pictures Creative Servs., supra).* Strict adherence is necessary to satisfy the public policy considerations recognized by the Legislature to protect the life, health and safety of tenants and the integrity of zoning regulations. Although the statute also contains provisions for exemption of owners due to financial hardship (Multiple Dwelling Law § 285 [2]), petitioner never made a hardship application.

Nor is a finding of noncompliance by the Loft Board a prerequisite to a determination of noncompliance by a court of competent jurisdiction. While the Loft Board may subject an owner to penalties upon such a finding (Multiple Dwelling Law § 284 [1] [ii]), the statute does not make such a finding a necessary predicate. Unless the Legislature has expressed an explicit intention to vest exclusive original jurisdiction in the administrative agency, the court will be held to have concurrent jurisdiction (2 NY Jur 2d, Administrative Law, §§ 178-180). Finally, the statute sets forth no obligation for tenants to post rent moneys with the court to protect an owner's property interest. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ. *[See,* 160 AD2d 537.] [Republished.]