■ Zoran Cvetichanin, Respondent, v Trapezoid Land Co. et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about December 4, 1990, which, inter alia, granted the parties' cross-motions for reargument and, upon reargument, granted plaintiff's motion for summary judgment, modified, on the law, only to the extent of remanding the matter to the IAS court for computation of the rent overcharges and a determination of whether such amount should be trebled and, as so modified, the order is otherwise affirmed, without costs. The order of the same court, entered on or about March 23, 1990, which, inter alia, dismissed defendants' affirmative defenses, but otherwise denied

the parties' cross-motions for summary judgment, is affirmed to the extent that it was unaffected by the court's subsequent order, without costs.

The consent judgment based on a stipulation signed by the plaintiff in a prior action in this landlord-tenant dispute does not have collateral estoppel effect precluding plaintiff's instant claim under the Rent Stabilization Law, since any purported waiver of rent stabilization rights in a settlement agreement is invalid as a matter of public policy *(Estro Chem. Co. v Falk,* 303 NY 83, 87; *see also, Hill v Wek Capital Corp.,* 4 AD2d 615, 617). No preclusive effect can be given to a judgment as to any issue excluded, as a matter of law, from the settlement agreement underlying that judgment. *(See, Matter of Halyalkar v Board of Regents,* 72 NY2d 261.)

With regard to the question of damages, the IAS court correctly found that defendants have not disputed plaintiff's calculations of the rent overcharges, choosing instead to dispute the court's subject matter jurisdiction. Nevertheless, in light of the different amounts of overcharges set forth in paragraphs 16 and 23 of the verified complaint and paragraphs 11, 12, 13 and 14 of counsel's affirmation in support of plaintiff's cross-motion for summary judgment, we are unable to determine with any specificity the total amount of rent overcharges.

Moreover, although the IAS court has subject matter jurisdiction in an action alleging a rent overcharge *(Smitten v 56 MacDougal St. Co.,* 167 AD2d 205), treble damages are appropriate only where defendants have failed to meet their burden of disproving that such rent overcharges were willful *(supra).* Therefore, inasmuch as neither the parties nor the court addressed themselves to this issue, we remand the matter for consideration of the appropriateness of the trebling of damages.

The unpublished decision and order entered on October 8, 1991 is recalled and vacated. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.