OPINION OF THE COURT
Joan B. Lobis, J.
The present motion by defendant raises the novel issue of how the recent amendments to the Loft Law should be inter *842 preted. Defendant landlord has brought the present motion for leave to reargue or renew the court’s granting of the plaintiffs’ motion for summary judgment ordering defendant to comply with the requirements of the Loft Law and the denial of the defendant’s cross motion to collect rent on the ground that there has been an amendment to the Loft Law since the court’s decision was rendered. For the reasons stated below, the defendant’s motion to reargue and renew is granted, plaintiffs’ motion for summary judgment is denied and defendant’s cross motion for rent is granted on a prospective basis only.
Plaintiffs previously moved for summary judgment in an action seeking specific performance ordering defendant to comply with various Loft Board orders requiring defendant to comply with the requirements of Multiple Dwelling Law § 284 (1). Defendant landlord had brought a cross motion to collect rent. This court granted plaintiff tenants summary judgment on the ground that the Multiple Dwelling Law specifically provided that "if .there is a finding by the loft board that an owner has failed to satisfy any requirement specified in paragraph (i) of this subdivision, a court may order specific performance to enforce the provisions of this article upon the application of three occupants of separate residential units qualified for the protection of this article.” (Multiple Dwelling Law § 284 [1] [iii].) Since there was no dispute that the Loft Board had found that the landlord failed to comply with the requirements of the Multiple Dwelling Law, the plaintiff tenants were entitled to summary judgment.
Since this court rendered its decision, there has been a major legislative overhaul of the Loft Law. The Loft Law now provides that landlords who have failed to comply with the previous requirement to obtain a residential certificate of occupancy in accordance with the requirements of section 284 (1) (i) shall hereafter be deemed in compliance with the Loft Law provided that the owner complies with the new timetable laid out in the statute for upgrading the building and obtaining a certificate of occupancy. The statute now provides that "[a]n owner of an interim multiple dwelling who has not complied with the requirements of paragraph (i) of this subdivision by the effective date of the chapter of the laws of nineteen hundred ninety-two which added this paragraph shall hereafter be deemed in compliance with this subdivision provided that such owner files an alteration application by October first, nineteen hundred ninety-two” (Multiple Dwell *843 ing Law § 284 [1] [ii]) and complies with the other subsequent requirements contained therein. Pursuant to the amendments to the statute, an owner can now collect rent even though the building is not yet in compliance with the prior requirements of the statute as the owner is "deemed in compliance hereafter” as long as the owner complies with the subsequent steps set out in the statute.
Plaintiffs do not dispute that the recent amendment to the Loft Law should be retroactively applied. The amendment would not make any sense if it was not applied on a retroactive basis. As of the time that the amendment was enacted, there were only two types of loft owners — those who were already in compliance with the requirements of the Loft Law and those who had not been in compliance since 1985, which was the last date the owner was permitted to obtain a residential certificate of occupancy. With respect to the owners who were already in compliance, the amendment to the Loft Law is entirely unnecessary. Thus, the intent of the Legislature in enacting the amendment must have been to hold that all loft owners who were not in compliance as of 1985 should be deemed in compliance as of the time of the amendment as long as they comply with the subsequent steps set out in the statute.
Plaintiffs argue that the recent amendment to the Multiple Dwelling Law should not change the court’s prior decision on the ground that the Loft Board has made a specific finding that the owner has failed to comply with the requirements of Multiple Dwelling Law § 284 (1) (i). According to plaintiffs, there are three types of loft owners: those who are already in compliance with the previous requirements of the Multiple Dwelling Law, those who have failed to obtain a residential certificate of occupancy but have never been found by the Loft Board to have failed to satisfy the requirements of section 284 (1) (i) and those owners who have failed to obtain a residential certificate of occupancy and have also been found by the Loft Board to have failed to comply with the requirements of section 284 (1) (i). Plaintiffs argue that if there has never been a specific finding by the Loft Board that an owner has failed to comply with the requirements of section 284, then the owner is deemed in compliance hereafter and is entitled to collect rent. However, if an owner has specifically been found by the Loft Board to have failed to comply with the requirements of the statute, then that owner is not entitled to collect rent on an ongoing basis and is not hereafter deemed in *844 compliance. To support this argument, plaintiffs point to the language in section 284 (1) (iv) which states that "if there is a finding by the loft board that an owner has failed to satisfy any requirement specified in paragraphs (i) and (ii) of this subdivision, such owner shall be subject to all penalties set forth in article eight of this chapter.” The court rejects plaintiffs’ argument. The language in the amended statute specifically refers to a finding by the Loft Board that there has been a violation of the requirements contained in paragraphs (i) and (ii), not paragraphs (i) or (ii). Since there has been no finding by the Loft Board that the owner has violated paragraph (ii) of the amended section 284 (1), this provision is inapplicable. Other than the language cited to above, plaintiffs have not provided any basis for making a distinction between those owners who have previously been found by the Loft Board to have failed to comply with the requirements of the statute and those owners who have not been found by the Loft Board to have been in violation of the statute. It is clear that neither category of owner has complied with the requirements of the Multiple Dwelling Law, which is why the Legislature has made the amendment to the statute.
Although the owner is entitled to rent on an ongoing basis as long as it complies with the new requirements set out in section 284 (1) (ii), there is no basis for the landlord’s request for retroactive rent. The amended statute provides that the owner "shall hereafter be deemed in compliance with this subdivision.” Thus, prior to the date of the amendment, the owner was not in compliance with the requirements of the law. As this court noted in its prior decision, the First Department has held that an owner of an interim multiple dwelling is not entitled to collect rent in the absence of compliance by the owner with the Loft Law. (See, County Dollar Corp. v Douglas, 160 AD2d 537 [1st Dept 1990].)
Moreover, if the landlord has failed to comply with the first requirement in the amended statute that it file an alteration application by October 1, 1992, then it is not "deemed in compliance” and the tenant is not required to pay rent hereafter. Before defendant submits a proposed order to the court providing that plaintiffs are required to pay rent, it shall *845 provide plaintiffs’ attorney with a copy of the alteration application that it has filed pursuant to the amended statute. If defendant fails to provide plaintiffs’ attorney with a copy of such application, then the proposed order should not contain a provision that the defendant is entitled to rent.