■ TERRY WOLFISCH et al., Respondents, v BRUCE MAILMAN et al., Appellants. [601 NYS2d 300] —Appeals from orders, Supreme Court, New York County (Shirley Fingerhood, J.), entered May 27, 1992, which, *inter alia,* granted plaintiffs' motion for summary judgment in a rent overcharge proceeding and awarded treble damages, punitive damages and interest, and entered October 13, 1992, which, *inter alia,* denied defendants' motion for renewal, are deemed to be an appeal from the judgment, same court and Justice, entered June 5, 1992, in favor of plaintiffs and against defendants in the amount of $71,416.37, which is unanimously modified, on the law, without costs, to vacate the award of $5,000 in punitive damages and interest calculated thereon, and as so modified, affirmed.

The Supreme Court has jurisdiction to entertain this action to recover rent overcharges, as we held on a prior appeal herein (182 AD2d 533), and properly awarded treble damages, as to 19 months of overcharges, upon defendants' failure to meet their burden of disproving willfulness *(Smitten v 56 MacDougal St. Co.,* 167 AD2d 205). However, the IAS Court

erred in imposing what it denominated punitive damages of $5,000 for rent overcharges occurring during a five-month period more than two years before the complaint was filed. New York City Rent Stabilization Law (Administrative Code of City of NY, tit 26, ch 4) § 26-516 (a) provides that an owner of rent stabilized housing accommodations who charges more than the authorized rent "shall be liable to the tenant for a penalty equal to three times the amount of such overcharge." Section 26-516 (a) (2) (i) provides: "No penalty of three times the overcharge may be based upon an overcharge having occurred more than two years before the complaint is filed" (see also, Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2] [i]). Inasmuch as the Legislature has prescribed both the measure of damages and a period of limitations with respect to damages for rent overcharges, the imposition of punitive damages based on rent overcharges that occurred outside the limitation period was improper and cannot be permitted to stand. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.