■ In the Matter of BN REALTY ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [677 NYS2d 791] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered June 5, 1997, which denied petitioner owner's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination of a rent overcharge in the amount of $29,654.28, inclusive of interest, and dismissed the petition, unanimously affirmed, without costs.

Petitioner failed to file an annual registration statement for the tenant's apartment in 1990, as required by Rent Stabilization Law ([RSL] Administrative Code of City of NY) § 26-517, although it did file timely registrations in the years immediately preceding and following 1990, as well as a late registration for 1990 in 1994. Further, petitioner does not dispute that certain of the increases in rent over the amount of the legal regulated rent set forth in the 1989 registration statement that it collected prior to filing the late registration were unlawful for reasons unrelated to the failure to file a timely registration. Under these circumstances, respondent, rationally construing section 26-517 (e) to mean that the filing of a late registration exonerates an owner of having "collected an overcharge at any time prior to the filing of the late registration" only where all "increases in the legal regulated rent were lawful except for the failure to file a timely registration", correctly determined that petitioner's 1994 registration did not retroactively validate its prior collection of any rent increases. Also rationally rejected, as inconsistent with the plain language of section 26-517 (e) barring collection of rent increases "until such time as *such registration* [i.e., for the year in which the owner failed to register] is filed" (emphasis added), was petitioner's contention that its filing of timely registrations for the years immediately following 1990 permitted it to increase the rent for those years before it finally made its late filing for 1990. Nor was it arbitrary and capricious for respondent to disallow a rent increase equal to 1/40th of the cost of floor scraping and sealing performed in the tenant's apartment, which work was allegedly undertaken in connection with the laying of kitchen tiles for which a 1/40th rent increase was allowed under RSL § 26-511 (c) (13) and Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1) and (4). The ruling was based on a rational distinction respondent makes between building-wide major

capital improvements, for which rent increases for ancillary maintenance-or-repair work are allowed because of the unavailability of other rent increases for such work, and improvements to individual apartments, which are usually undertaken when an apartment is vacant, and for which rent increases for ancillary maintenance-or-repair work are not allowed because of the availability of a vacancy increase upon execution of a lease with a new tenant. Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.