■ HOWARD ELISOFON, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [691 NYS2d 434] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 19, 1997, which denied petitioner tenant's CPLR article 78 application to annul respondent Division of Housing and Community Renewal's (DHCR) denial of petitioner's overcharge complaint, unanimously affirmed, without costs.

The DHCR properly concluded that the landlord was entitled to increase the lawful stabilized rent by one-fortieth of the cost of certain qualifying improvements made to the subject apartment (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]; Rent Stabilization Law [Administrative Code of City of NY] § 26-511 [c] [13]). While the petitioner claims that his express written consent was required before such improvements were made, and the increase imposed, his contention lacks merit since all improvements were completed before the effective date of his lease when the apartment was still vacant (*ibid.*). The fact that he executed the lease before work on the improvements was commenced does not alter this conclusion (*see*, Rent Stabilization Code [9 NYCRR] § 2520.6 [d]). Accordingly, it can hardly be said that DHCR's conclusion was irrational (*see*, *Matter of Salvati v Eimicke*, 72 NY2d 784, 791). Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Friedman, JJ.

■ SCOTT ARNOLD et al., Appellants, v SMITH BARNEY, INC., Respondent. [691 NYS2d 856] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 15, 1998, unanimously affirmed for the reasons stated by Cozier, J., without costs or disbursements. No opinion. Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.