■ INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, v JOSEPH P. JABLONSKY, as Sheriff of Nassau County, Respondent. [704 NYS2d 299] —In an action to enjoin the defendant Joseph P. Jablonsky, Sheriff of Nassau County, from placing the personal property of evicted tenants on the sidewalk area within the Village of Hempstead, allegedly in violation of the Village of Hempstead Code § 116-6, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 9, 1999, as, upon reargument, granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and upon reargument, the cross motion is denied and the complaint is reinstated.

In executing a warrant of eviction, the Sheriff of Nassau County (hereinafter the Sheriff) hires a moving company, at the landlord's expense, to remove any remaining personal property of a tenant, and places it at curbside. The Village of Hempstead (hereinafter the Village) commenced this action to enjoin the Sheriff from continuing this practice which, it alleges, is in violation of the Village of Hempstead Code § 116-6 (hereinafter the Code). That section prohibits any person from placing or permitting to be placed, *inter alia,* any boxes, papers, or goods on a street or sidewalk area in the Village. The Supreme Court dismissed the complaint on the ground that enforcement of § 116-6 of the Code against the Sheriff would violate Municipal Home Rule Law § 11 (1) (e).

Municipal Home Rule Law § 11 (1) (e) prohibits the adoption of a local law which supersedes a State statute if such local law "[a]pplies to or affects the courts as required or provided by article six of the constitution." If applied to the Sheriff, § 116-6 of the Code would not conflict with any existing State statute. Since enforcement of the local law would not supersede a State statute, the Supreme Court erred in dismissing the complaint based on Municipal Home Rule Law § 11 (1) (e) (*see, Hausser v Giunta,* 88 NY2d 449).

In light of our determination, we need not reach the plaintiff's remaining contentions. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.