OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiff tenant sues to recover a rent overcharge. He challenges his landlord’s “Individual Apartment Improvement” (IAI) increase in the rent level. Defendant landlord moves to dismiss the complaint, based on the court’s lack of subject matter jurisdiction to determine plaintiffs claim. (CPLR 3211 [a] [2].) For the reasons explained below, the court denies defendant’s motion and determines that the Civil Court, as well as the Supreme Court from which this action was removed (CPLR 325 [d]), has jurisdiction to determine an action for a rent overcharge based on the tenant’s challenge to an IAI increase.
II. The Jurisdictional Issue
Plaintiff rents a rent-stabilized apartment, No. 3B, at 343 West 21st Street in New York County. Defendant claims that the New York State Division of Housing and Community Renewal (DHCR) has exclusive jurisdiction to determine the regulated rent for this apartment and hence to determine whether the rent increase charged by the landlord, based on improvements to plaintiff’s individual apartment before he moved in, is excessive. While plaintiff does not dispute that DHCR has jurisdiction to determine a challenge to an IAI increase, he maintains that the court has concurrent jurisdiction to determine this challenge, which he is entitled to invoke.
The court, whether the Supreme Court where this action originated or the Civil Court where the action was removed, has concurrent jurisdiction with DHCR to decide tenants’ actions to recover rent overcharges. (Jenkins v State of N.Y. Div. of Hous. & Community Renewal, 264 AD2d 681 [1st Dept 19993; Crimmins v Handler & Co., 249 AD2d 89, 91 [1st Dept 1998]; Wolfisch v Mailman, 182 AD2d 533 [1st Dept 1992]; Cvetichanin v Trapezoid Land Co., 180 AD2d 503, 504 [1st Dept 1992]; see Draper v Georgia Props., 230 AD2d 455, 459 [1st Dept 1997], affd 94 NY2d 809 [1999].) This jurisdiction necessarily entails deciding whatever issues bear on the rent level. Here, that issue is the value of improvements to the apartment.
*606 A. DHCR’s Exclusive Jurisdiction
Administrative Code of the City of New York § 26-516 (a) governing rent-stabilized apartments provides that:
“[A]ny owner of housing accommodations who, upon complaint of a tenant, ... is found by the state division of housing and community renewal ... to have collected an overcharge above the rent authorized . . . shall be liable to the tenant for a penalty equal to three times the amount of such overcharge.”
Governing New York State regulations, at 9 NYCRR 2526.1 (a) (1), provide similarly, that “[a]ny owner who is found by the DHCR” to have collected an overcharge is liable to the tenant for three times the excess charge.
Defendant relies on these provisions as barring the court’s jurisdiction over a tenant’s overcharge complaint. Nowhere does the plain language of the statute and regulation exclude a body other than DHCR from finding that a housing owner has collected a rent overcharge. Were these laws given that effect, the court would have no jurisdiction over any overcharge complaints, as these provisions are not limited to overcharges based on IAI increases. At most, the plain language of the statute and regulation authorize the imposition of the treble damages penalty only where the complaint is before DHCR rather than the court. Yet even this penalty provision is applied in actions initiated in court. (Draper v Georgia Props., 230 AD2d at 459-460; Wolfisch v Mailman, 182 AD2d 533 [1992]; Cvetichanin v Trapezoid Land Co., 180 AD2d at 504.) More significantly, neither a city statute nor a state regulation may deprive the court of jurisdiction conferred by the State Constitution and state statutes. (NY Const, art VI, §§ 1, 7 [a]; § 15; Judiciary Law § 140-b; CCA 201-202; see, e.g., NY Const, art IX, § 2 [c]; Municipal Home Rule Law § 11 [1] [e]; Hausser v Giunta, 88 NY2d 449, 454 [1996]; Incorporated Vil. of Hempstead v Jablonsky, 270 AD2d 310 [2d Dept 2000]; Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, 250 AD2d 122, 126 [3d Dept 1998].)
Under NY Constitution, article VI, § 7 (a), the Supreme Court and hence the Civil Court in this action only for damages, removed pursuant to and within the scope of CPLR 325 (d), have jurisdiction over “all causes of action unless its jurisdiction has been specifically proscribed.” (Sohn v Calderon, 78 NY2d 755, 766 [1991].) This constitutionally protected jurisdic *607 tion thus does not prohibit the State Legislature from conferring exclusive original jurisdiction on an administrative agency to adjudicate disputes under a regulatory program authorized by statute. The Legislature must specifically make that choice, however, to provide for the agency’s adjudication of a type of regulatory dispute in the first instance, subject to judicial review. (Id. at 766-767; Capers v Giuliani, 253 AD2d 630, 632-633 [1st Dept 1998]; Pocantico Home & Land Co., LLC v Union Free School Dist. of Tarrytowns, 20 AD3d 458, 461-462 [2d Dept 2005].)
Nothing in the state rent stabilization statutes indicates the State Legislature’s intention that DHCR be the exclusive initial arbiter of challenges to IAI rent increases specifically or rent overcharges more generally, as opposed to being an available forum for administrative redress. (Sohn v Calderon, 78 NY2d at 767; Capers v Giuliani, 253 AD2d at 632; County Dollar Corp. v Douglas, 160 AD2d 537, 538 [1st Dept 1990].) Although Administrative Code § 26-516, a New York City statute, and 9 NYCRR 2526.1 (a) (1), a state regulation, provide for a treble damages penalty when DHCR has found an overcharge, these provisions, even if they could supersede state statutes or constitutional guarantees, do not make an overcharge dependent on a DHCR finding. (County Dollar Corp. v Douglas, 160 AD2d at 538; Missionary Sisters of Sacred Heart v Meer, 131 AD2d 393, 395-396 [1st Dept 1987]; State of New York v Winter, 121 AD2d 287, 289 [1st Dept 1986]; see Sohn v Calderon, 78 NY2d at 767.) The city statute and state regulation simply make DHCR’s imposition of the penalty dependent on the agency finding an overcharge (County Dollar Corp. v Douglas, 160 AD2d at 538), while the court also may impose the penalty when the court finds an overcharge. (Draper v Georgia Props., 230 AD2d at 459-460 [1999]; Wolfisch v Mailman, 182 AD2d 533 [1992]; Cvetichanin v Trapezoid Land Co., 180 AD2d at 504.)
Defendant further relies on 9 NYCRR 2526.1 (a) (2), which provides that: “A complaint pursuant to this section must be filed with the DHCR within four years of the first overcharge alleged . . . .” Again, this regulation pertains only to complaints before DHCR, rather than the court, and, in any event, sets only a time limitation, rather than a jurisdictional bar that may not be accomplished by a regulation. (E.g., NY Const, art IX, § 2 [c]; Incorporated Vil. of Hempstead v Jablonsky, 270 AD2d 310 [2000]; Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, 250 AD2d at 126.) In fact CPLR 213-a sets a com *608 parable time limitation for overcharge complaints in court. (Crimmins v Handler & Co., 249 AD2d at 91.)
9 NYCRR 2522.4 (a) (6), another state regulation, is equally inadequate to carve out DHCR’s “exclusive original jurisdiction to hear challenges to IAI increases.” (Rockaway One Co., LLC v Wiggins, 9 Misc 3d 12, 15 [App Term, 2d Dept 2004].) As discussed above, only the State Legislature may accomplish that result. Yet none of the rent stabilization laws, state or city, statutes or regulations, draws any distinction between categories of overcharge claims that may be commenced in court, without DHCR’s prior determination, and categories of overcharge claims, like challenges to IAI increases, that must be initiated in an administrative proceeding and first determined by the agency. (County Dollar Corp. v Douglas, 160 AD2d at 538.) The rent stabilization laws nowhere mandate that any judicial determination of any category of overcharge claim be solely a judicial review of the agency’s determination, via CPLR article 78 for example. (Pocantico Home & Land Co., LLC v Union Free School Dist. of Tarrytowns, 20 AD3d at 462-463.) The statutory scheme thus contains none of the indicia evincing a legislative intent to give DHCR exclusive original jurisdiction over controversies involving IAI increases. (Sohn v Calderon, 78 NY2d at 767; County Dollar Corp. v Douglas, 160 AD2d at 538.)
Nor do the rent stabilization laws anywhere indicate that the State Legislature intended courts to “opt out” of their jurisdiction over overcharge complaints and rely exclusively on DHCR’s determinations regarding overcharges based on IAI increases. (Ling Ling Yung v County of Nassau, 77 NY2d 568, 572 [1991].) Such a result would place parties in these controversies at a disadvantage, compared to parties who have alternative forums for overcharge complaints, and undermine regularization, predictability, and uniformity of procedures, without an express intent to tolerate an anomaly in a specified instance. (Id.)
While nothing in the rent stabilization statutes or regulations expressly authorizes a tenant’s rent overcharge action “in a court of competent jurisdiction,” as do the rent control statutes (McKinney’s Uncons Laws of NY § 8632 [a] [1] [f] [Emergency Tenant Protection Act of 1974; L 1974, ch 576, sec 4, § 17, as amended]) the absence of such an authorization in the rent stabilization laws has not barred overcharge actions in court. In fact, the First Department applies McKinney’s Unconsolidated Laws of NY § 8632 (a) (1) (f)’s authorization to rent-stabilized apartments. (Wolfisch v Mailman, 182 AD2d 533 [1992]; Smitten v 56 Mac *609 Dougal St. Co., 167 AD2d 205, 206 [1st Dept 1990]; see Crimmins v Handler & Co., 249 AD2d at 91; Wolfisch v Mailman, 196 AD2d 466 [1st Dept 1993].)
Even where these actions are through counterclaims in summary proceedings commenced by landlords, these counterclaims must have been within the court’s subject matter jurisdiction had they been “sued upon separately” (CCA 208 [a]), or within that jurisdiction except for the amount claimed. (CCA 208 [b]; see Jenkins v State of N.Y. Div. of Hous. & Community Renewal, 264 AD2d 681 [1999]; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 396-397; 1460 Grand Concourse Assoc. v Martinez, NYLJ, May 6, 1994, at 29, col 1 [App Term, 1st Dept]; 310 W. End Owners Corp. v Rosenberg, NYLJ, Aug. 28, 1991, at 21, col 4 [App Term, 1st Dept].) When a tenant incurs an expense, by paying excessive rent or otherwise, due to the landlord’s noncompliance with legal requirements, such as the formulae for calculating rent increases, the tenant may sue to recover that expense either in an independent action, as here, or by a counterclaim in an action or proceeding for rent. (Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 397.)
Furthermore, the rent stabilization statutes do expressly confer on tenants the right to pursue any remedy provided by other laws in addition to remedies provided by the rent stabilization laws. (Administrative Code of City of NY § 26-511 [b]; § 26-514; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 396.) CCA 110 (c) grants the Civil Court broad power to employ “any remedy ... or sanction authorized by law for the enforcement of housing standards.” One such standard is the formula for calculating an IAI increase, which plaintiff seeks to enforce in this action. This court has the express power to enforce that standard by determining whether defendant has complied with the formula in arriving at plaintiffs rent level and by awarding plaintiff a refund if the level dictated by the formula has been exceeded.
9 NYCRR 2522.4 (a) (6), on which the one court relied for DHCR’s exclusive jurisdiction, requires that a determination regarding any adjustment in the regulated rent, not just an IAI increase, include equitable considerations: whether it will cause a tenant’s dislocation or undue hardship, provide the landlord a return of costs invested, and increase the housing’s rental value. (Rockaway One Co., LLC v Wiggins, 9 Misc 3d at 15-16.) Again, this regulation, even were it adequate to encroach on the courts’ constitutional and statutory jurisdiction, applies to all rent *610 adjustments, such as for major capital improvements, or for buildingwide improvements or increased services required by law or with the tenants’ express consent. (9 NYCRR 2522.4 [a] [l]-[3].) This articulated basis for distinguishing IAI increases from other rent adjustments claimed to produce rent overcharges does not in fact distinguish the IAI category of overcharge claims. (County Dollar Corp. v Douglas, 160 AD2d at 538.)
The specified equitable considerations, in any event, do not inhibit the courts’ exercise of jurisdiction. Not only is the Supreme Court fully empowered to provide equitable relief, but so is the Civil Court in the enforcement of these housing standards. (CCA 110 [c]; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 396.) This regulation, moreover, does not dictate equitable relief, but dictates only that specified factors be considered and balanced in arriving at monetary relief: the types of factors the courts regularly weigh, even when exercising only monetary jurisdiction, in arriving at an assessment of value or disposition of property.
For all these reasons, in a dispute involving a challenge to an IAI increase, administrative proceedings before DHCR are not the tenant’s exclusive remedy. The courts have concurrent jurisdiction over the dispute. (Acosta v Loews Corp., 276 AD2d 214, 218-219 [1st Dept 2000]; Cox v J.D. Realty Assoc., 217 AD2d 179, 181 [1st Dept 1995].) The absence of any state statute carving out an exception to the courts’ constitutional and statutory jurisdiction and the principles of exclusive jurisdiction dictated by the Court of Appeals and Appellate Division, First Department, compel this conclusion. It pertains even though none of those courts has ruled specifically on their jurisdiction to determine overcharges based on IAI increases, as opposed to overcharges on other bases. The Appellate Term, First Department, nonetheless, has exercised these jurisdictional principles seamlessly. (PWV Acquisition, LLC v Toscano, 2003 NY Slip Op 51048[U], *1 [App Term, 1st Dept 2003]; 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1 [App Term, 1st Dept]; E & W Realty Co. v Fettner, NYLJ, Aug. 22, 1997, at 21, col 2 [App Term, 1st Dept]; Roker Realty Corp. v Gross, 163 Misc 2d 766, 767-768 [App Term, 1st Dept 1995].)
B. DHCR’s Primary Jurisdiction
Defendant’s ground for dismissal is limited to claiming that DHCR has exclusive jurisdiction to determine a rent overcharge action based on a challenge to an IAI increase, depriving the *611 court of subject matter jurisdiction over the complaint. (CPLR 3211 [a] [2]; see, e.g., Pocantico Home & Land Co., LLC v Union Free School Dist. of Tarrytowns, 20 AD3d at 463.) Nevertheless, the doctrine of primary jurisdiction, while not preempting the court’s jurisdiction, might compel the court to defer to DHCR’s expertise for an adjudication in the first instance. (Davis v Waterside Hous. Co., 274 AD2d 318, 319 [1st Dept 2000]; Nasaw v Jemrock Realty Co., 225 AD2d 385, 386 [1st Dept 1996]; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 394-395; State of New York v Winter, 121 AD2d at 289; see Uniformed Firefighters Assn. of Greater N.Y. v City of New York, 79 NY2d 236, 241-242 [1992]; Sohn v Calderon, 78 NY2d at 768; Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988]; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982].) The court may have concurrent jurisdiction over the issues pertaining to a rent overcharge based on a challenged IAI increase, presented here, but that jurisdiction is to be exercised with an eye toward uniform evaluation of the relevant factors and avoidance of divergent determinations. (Davis v Waterside Hous. Co., 274 AD2d at 318-319; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 395; Eli Haddad Corp. v Redmond Studio, 102 AD2d 730 [1st Dept 1984]; see Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d at 22; Wong v Gouverneur Gardens Hous. Corp., 308 AD2d 301, 303 [1st Dept 2003]; Heller v Coca-Cola Co., 230 AD2d 768, 770 [2d Dept 1996].)
It is for the court to determine whether the issues presented by plaintiffs complaint trigger the doctrine of primary jurisdiction. (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d at 156; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d at 22-23.) For the reasons explained below, the considerations dictating primary jurisdiction do not require DHCR action on the issues involved here. (Id.; Rabouin v Metropolitan Life Ins. Co., 307 AD2d 843, 844 [1st Dept 2003].)
III. Claims Regarding IAI Increases
Calculation of plaintiffs rent increase based on improvements to his apartment requires an evaluation of those improvements. DHCR unquestionably has prescribed criteria for determining IAI increases and challenges to them, but the promulgation of such regulations does not render the court powerless to apply those regulatory criteria to determine a challenge to an IAI increase; to the contrary, they enhance the court’s tools to do so. The standards the court will use to evaluate IAIs and determine the rent increase based on that value are the same *612 standards DHCR would use. (Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 396-397.) The court is bound to apply those governing statutory and regulatory standards. Application of statutory or regulatory standards and determination of whether they have been followed are regularly within the court’s province. (Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 395-396; State of New York v Winter, 121 AD2d at 289.)
The formula is not complicated. Ascertaining and applying it do not require expertise or resources beyond the court’s competence. (Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 59 [2004]; Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 395.) Administrative Code § 26-511 (c) (13) requires a determination of (1) the landlord’s improvements to the apartment at the interval in question, (2) the total costs incurred for those improvements, (3) one fortieth of those costs, and (4) the sum of one fortieth of the costs plus the monthly rent level after any vacancy and rent guidelines board increases. (Elisofon v New York State Div. of Hous. & Community Renewal, 262 AD2d 40 [1st Dept 1999]; 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1; E & W Realty Co. v Fettner, NYLJ, Aug. 22, 1997, at 21, col 2; Roker Realty Corp. v Gross, 163 Misc 2d at 767-768.) Both the statute and 9 NYCRR 2522.4 (a) (1) and (4) set forth criteria for determining what qualifies as an IAI and permissible costs for such an improvement, as well as how to calculate the rent increase from those costs. (PWV Acquisition, LLC v Toscano, 2003 NY Slip Op 51048DJ], *1; 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1; E & W Realty Co. v Fettner, NYLJ, Aug. 22, 1997, at 21, col 2; Roker Realty Corp. v Gross, 163 Misc 2d at 767; see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal, 288 AD2d 89 [1st Dept 2001]; Matter of BN Realty Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 254 AD2d 7, 8 [1st Dept 1998]; Matter of Linden v New York State Div. of Hous. & Community Renewal, 217 AD2d 407 [1st Dept 1995]; Matter of Charles Birdoff & Co. v New York State Div. of Hous. & Community Renewal, 204 AD2d 630, 631 [2d Dept 1994].) Compliance with these criteria as well as 9 NYCRR 2522.4 (a) (6), as discussed above, and calculation of costs, rent, and any damages due to an overcharge are within the court’s conventional expertise. (Missionary Sisters of Sacred Heart v Meer, 131 AD2d at 396-397; PMV Acquisition, LLC v Toscano, 2003 NY Slip Op 51048[U], *1; 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1; Roker Realty Corp. v Gross, 163 Misc 2d at 767-768.)
*613 IV Conclusion
Consequently, the court denies defendant’s motion to dismiss the complaint on subject matter jurisdiction grounds, CPLR 3211 (a) (2), and retains jurisdiction over plaintiffs claim for a rent overcharge based on defendant’s IAI increase, to be determined at trial under the governing statutes and DHCR regulations.