[822 NYS2d 103]

In the Matter of ROCKAWAY ONE COMPANY, LLC, Respondent, v
DEBORAH WIGGINS, Appellant.

Second Department, September 26, 2006

### APPEARANCES OF COUNSEL

*April A. Newbauer*, Kew Gardens (*Robert R. Desir, Jr.*, of counsel), for appellant.

*Michael R. Koenig*, New Rochelle (*Hal D. Weiner* and *Santo Golino* of counsel), for respondent.

### OPINION OF THE COURT

SPOLZINO, J.

The issue presented by this appeal is whether a tenant who is a respondent in a summary proceeding based upon nonpayment of rent may defend on the ground of, and counterclaim for, rent overcharges predicated on what the tenant claims to be an unjustified individual apartment improvement (hereinafter IAI) increase. The Civil Court permitted the counterclaim and, after finding the rent charged by the owner to be without justification, reduced the judgment to which the owner would otherwise have been entitled by the amount that it determined to be the rent overcharge.

The owner appealed the judgment rendered by the Civil Court to the Appellate Term, arguing that the New York State Divi-

sion of Housing and Community Renewal (hereinafter the DHCR) had either exclusive original jurisdiction or primary jurisdiction over the tenant's counterclaim, and that it had, in any event, established its entitlement to the increase. The Appellate Term held that the Civil Court should have declined to hear the counterclaim, reasoning that the adjudication of claims related to the lawful regulated rent premised on an IAI increase is properly committed, in the first instance, to the DHCR. The Appellate Term therefore declined to determine whether the IAI increase was justified, and modified the judgment of the Civil Court by increasing the amount of the monetary award to Rockaway One Company, LLC, the owner, to the sum of $726.14, vacated an oral decision denying the application of the owner to sever and dismiss the tenant's counterclaim alleging a rent overcharge, and granted the application to sever and dismiss the counterclaim without prejudice to the assertion of the claim before the DHCR. We granted leave to appeal and reverse the order of the Appellate Term and remit the matter to that court for consideration of the merits of the rent overcharge claim.

The jurisdiction of the New York City Civil Court is established by article VI (§ 15) of the New York Constitution, as implemented by the New York City Civil Court Act. Summary proceedings pursuant to Real Property Actions and Proceedings Law article 7 to recover possession of real property, such as the proceeding that is before us here, are within the scope of that jurisdiction (see NY Const, art VI, § 15 [b]; CCA 110 [a] [5]; 204). The jurisdiction of the Civil Court extends generally to counterclaims for money damages, as asserted here (see CCA 208). In a summary proceeding, in particular, the respondent is entitled to raise "any legal or equitable defense, or counterclaim," and the court is authorized in such circumstances to "render affirmative judgment for the amount found due on the counterclaim" (RPAPL 743). Consistent with these provisions, a rent overcharge claim, including a claim that the rent amount is illegal under the applicable state and city rent regulations, may be asserted in the Civil Court, either as a primary claim or as a counterclaim, without first being passed upon by the DHCR (see Matter of Smith, 254 AD2d 424 [1998]; see also Crimmins v Handler & Co., 249 AD2d 89, 90-91 [1998]; Draper v Georgia Props., 230 AD2d 455, 459-460 [1997], affd 94 NY2d 809 [1999]; Wolfisch v Mailman, 196 AD2d 466 [1993]; Wolfisch v Mailman, 182 AD2d 533 [1992]; Cvetichanin v Trapezoid Land Co., 180 AD2d 503, 504 [1992]; Smitten v 56 MacDougal St. Co., 167 AD2d 205 [1990]).

The owner's argument that the Civil Court is without such jurisdiction rests on its reading of the Emergency Tenant Protection Act of 1974 (hereinafter ETPA) (L 1974, ch 576, § 4, as amended by L 2003, chs 70-73, 82; McKinney's Uncons Laws of NY § 8621 *et seq.*) as permitting only courts outside the City of New York to entertain rent overcharge complaints. It is true, as the owner contends, that ETPA explicitly provides that a tenant outside the City of New York who is subject to its provisions may, except where the tenant has already presented the issue to the DHCR, raise a rent overcharge claim in court, either as the tenant's principal claim or as a counterclaim (*see* ETPA § 12 [a] [McKinney's Uncons Laws of NY § 8632 (a); L 1974, ch 576, § 4, as amended]). It is also true that the corresponding provision with respect to courts within the City of New York does not contain such language (*see* ETPA § 12 [b] [McKinney's Uncons Laws of NY § 8632 (b)]). Nevertheless, it reads too much into the express grant of authority in the former provision to infer that the Legislature intended by the omission of such language from the latter to deprive the Civil Court of the authority to hear counterclaims over which it would otherwise have jurisdiction.

"It is a sound inference that, in the absence of express language indicating its intention, it is presumed that the Legislature did not intend to overturn long established rules of law" (McKinney's Cons Laws of NY, Book 1, Statutes § 74). "This rule has even greater validity in cases where . . . jurisdictional questions are concerned" (McKinney's Cons Laws of NY, Book 1, Statutes § 153; *see Buduson v Curtis*, 285 App Div 517, 519-520 [1955]; *see also Harrington v State of N.Y. Off. of Ct. Admin.*, 94 AD2d 863, 865-866 [1983]). Were it not for the provisions upon which the owner relies, there would be no question, on the basis of the jurisdictional statutes referenced above, that a counterclaim based on an alleged rent overcharge is within the jurisdiction of the Civil Court. Had the Legislature intended to deprive the Civil Court of that jurisdiction, it could have done so explicitly. Since it did not do so, we conclude that it had no such intent.

Thus, the tenant's counterclaim at issue here was properly interposed in this proceeding unless there is something unique about a rent overcharge counterclaim predicated upon an allegedly improper IAI increase, either because the Civil Court is foreclosed from considering such a claim by the applicable rent regulation statutes or because, in the exercise of judicial discretion, the court should decline to address such a claim in defer-

ence to the primary jurisdiction of DHCR. This issue, although the subject of at least one decision in the Civil Court (*see Vazquez v Sichel*, 12 Misc 3d 604 [2005]), has not been addressed at an appellate level before this proceeding.

The rent that may be charged with respect to the housing accommodation at issue here is governed not only by ETPA, but also by the Rent Stabilization Law (hereinafter RSL) (Administrative Code of City of NY § 26-501 *et seq.*, derived from Local Law No. 16 [1969] of City of NY; *see* L 1985, ch 907, recodifying the Administrative Code), and subchapter B of the Rent Stabilization Regulations promulgated by DHCR, otherwise known as the Rent Stabilization Code (9 NYCRR 2520.1-2531.9) (hereinafter RSC). Under this plan of rent regulation, colloquially known as "rent stabilization," the limitation upon the amount by which an owner may increase the rent is subject to several exceptions, among which are the exception for significant improvements to the building in which the housing accommodation is located, known as a major capital improvement, or MCI, increase (*see* 9 NYCRR 2522.4 [a] [2] [i]), and the exception for significant improvements to an individual housing accommodation, known as an individual apartment improvement, or IAI, increase (*see* 9 NYCRR 2522.4 [a] [1]; *see also* 9 NYCRR 2522.4 [a] [2]; DHCR Policy Statement 90-10 [June 26, 1990]). The latter is at issue here.

In reaching its conclusion that the tenant's counterclaim was not a proper subject of adjudication by the Civil Court, the Appellate Term rejected the owner's argument that the Civil Court's consideration of the claim was foreclosed by the doctrine of exclusive original jurisdiction, but held that the Civil Court should nevertheless have declined to consider the issue on the ground that the propriety of an IAI increase is within the primary jurisdiction of DHCR. The Appellate Term thus distinguished the overcharge claim based upon an allegedly excessive IAI increase at issue here from other varieties of rent overcharges, reasoning that because DHCR's expertise is of particular significance in cases involving a determination of what constitutes an appropriate IAI increase, courts should decline to address such issues in the first instance. We conclude that neither doctrine applies here to bar the tenant's counterclaim.

Pursuant to the doctrine of exclusive original jurisdiction, the Legislature, by enacting a statute establishing a highly technical regulatory scheme, is deemed to have entrusted adjudicatory functions requiring substantial technical or policy expertise to

an administrative agency created and staffed for that purpose, thus divesting the courts of initial jurisdiction to consider a particular technical issue, and limiting the court's role to review pursuant to CPLR article 78 (*see Sohn v Calderon*, 78 NY2d 755 [1991]). The Court of Appeals has invoked this doctrine in numerous contexts in which the expertise of an administrative agency is required (*see e.g. Matter of Schulz v State of New York*, 86 NY2d 225, 230-231 [1995], *cert denied* 516 US 944 [1995]; *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 362-363 [1987]), as have we (*see Pocantico Home & Land Co., LLC v Union Free School Dist. of Tarrytowns*, 20 AD3d 458 [2005]).

In the context of rent regulation, the principal application of the doctrine of exclusive original jurisdiction has been in *Sohn v Calderon* (*supra*), in which the Court of Appeals held that the Legislature had divested the courts of any jurisdiction to adjudicate requests for permission to demolish rent regulated structures, except in a proceeding pursuant to CPLR article 78 after DHCR had made its determination. The Court reasoned that the statutory scheme erected by the Legislature with respect to rent-stabilized housing evinced the Legislature's intent to vest original exclusive jurisdiction in DHCR.

The situation addressed by the Court of Appeals in *Sohn v Calderon* (*supra*), however, differs significantly from that which is presented here. At issue in *Sohn v Calderon* (*supra*) was whether the Supreme Court had properly considered the application of a property owner for a declaration that he was entitled to demolish a residential apartment building that had been severely damaged by fire. Under the applicable provisions of the RSL, such demolition was permissible only upon the issuance by DHCR of a "certificate of eviction" (*see* Administrative Code § 26-408). Recognizing that the Legislature had specifically committed the determination to DHCR, and that the certificate, if granted, would have the effect of removing housing accommodations from the market by allowing the owner to evict rent-regulated tenants in derogation of the statutory obligation to provide renewal leases, the Court of Appeals applied the doctrine of exclusive original jurisdiction, finding that "[i]t is clear beyond question that the Legislature intended disputes over a landlord's right to demolish a regulated building to be adjudicated by the DHCR" (*Sohn v Calderon*, 78 NY2d at 765-766).

Here, by contrast, there is nothing in the relevant statutory provisions from which it can be concluded that the Legislature committed the determination with respect to an IAI increase to

DHCR. The RSC, in fact, does not require the DHCR's prior approval for an IAI increase, or even provide for a specific IAI application and review process, as it does with respect to an MCI increase (*compare* RSC [9 NYCRR] § 2522.4 [a] [1] *with* RSC [9 NYCRR] § 2522.4 [a] [2]). As a result, the DHCR has declined to review IAI increases except upon the complaint of a tenant who has actually been charged such an increase (*see* RSC [9 NYCRR] § 2522.4 [a] [1]; RSL [Administrative Code of City of NY] § 26-511 [b]; *Global Mgt. v Richards*, 152 Misc 2d 759, 761 [1992]; *2505 Bedford Realty Co. v Woodson*, 152 Misc 2d 897, 899 [1992]; *Trio Realty Co. v Cofield*, 151 Misc 2d 244, 247 [1991]). Since DHCR has thus not seen fit to compel owners to obtain its approval before imposing an IAI increase, there is no reason to read the statute as requiring tenants to seek DHCR's review before they can challenge that increase in court. The tenant's rent overcharge counterclaim is not barred, therefore, by the doctrine of exclusive original jurisdiction.

Under the doctrine of primary jurisdiction, the court, while not without authority to adjudicate the dispute, declines as a matter of discretion to do so in order that the agency may have the initial opportunity to address an issue which is within the area of its expertise, and the court may thus have the benefit of the agency's wisdom before it addresses the issue (*see Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 22 [1982]). There is nothing inherent in an IAI determination, however, that requires the initial expertise of the DHCR.

The issues presented with respect to an overcharge based upon an allegedly improper IAI increase are not foreign to the courts. Essentially, in evaluating the legitimacy of an IAI increase, the court is required to determine (1) whether the owner made the improvements to the apartment during the relevant time period, (2) whether those improvements constitute legitimate individual apartment improvements within the meaning of the regulations, (3) the total cost of the improvements, (4) one fortieth of that cost, and (5) the sum of one fortieth of the costs plus the monthly rent level after any other increases to which the owner may be entitled (*see Elisofon v New York State Div. of Hous. & Community Renewal*, 262 AD2d 40 [1999]; *Vazquez v Sichel*, 12 Misc 3d at 612; *212 W. 22 Realty v Fogarty*, 1 Misc 3d 905[A], 2003 NY Slip Op 51517[U] [2003]). Such decisions are the normal business of the courts (*see e.g. Graham Ct. Owners Corp. v Green*, 11 Misc 3d 131[A], 2006 NY Slip Op 50333[U] [2006]; *PWV Acquisition, LLC v Toscano*, 10 Misc 3d

126[A], 2005 NY Slip Op 51870[U] [2005]; *212 W. 22 Realty v Fogarty, supra*; *Vazquez v Sichel*, 12 Misc 3d at 612; *Fifth Ave. Assoc. v Rodriguez*, NYLJ, May 20, 1992, at 25, col 4; *cf. 30 W. 70th St. Corp. v Sylvor*, NYLJ, Mar. 12, 1999, at 26, col 1). While it is true, as the Appellate Term noted, that the regulations provide for the exercise of some discretion in determining the availability and extent of an IAI increase (*see* 9 NYCRR 2522.4 [a] [6]), the limited scope of that discretion does not require administrative review as a predicate for judicial consideration.

Perhaps most important, declining jurisdiction here is inconsistent with the proper adjudication of a summary proceeding. The issue in a summary proceeding based upon nonpayment is whether the tenant has paid the required rent (*see* RPAPL 711 [2]). Where that rent is regulated, the owner is precluded by law from collecting a rent in excess of that which is permitted (*see* McKinney's Uncons Laws of NY § 8626 [a]). Rent demanded by the owner on the basis of an unjustified IAI increase is illegal (*see Sage Franklin LLC v Cameron*, 10 Misc 3d 1069[A], 2005 NY Slip Op 52191[U] [2005]) and the mere demand for such rent cannot be the basis for a determination that the tenant is in default of his or her obligation to pay the lawful regulated rent (*see Severin v Rouse*, 134 Misc 2d 940 [1987]; *see generally ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC*, 29 AD3d 564 [2006]; *Schwartz v Weiss-Newell*, 87 Misc 2d 558, 561 [1976]).

By declining to consider a counterclaim based on an invalid IAI increase, the Appellate Term essentially permitted judgment to be entered against the tenant for what may be an illegal rent. Moreover, had the tenant here paid the rent due without regard to the IAI increase, but refused to pay what she claimed to be an illegal increase, she could have been put out of possession solely on the basis of an illegal rent. The fact that the tenant would have been left, under the Appellate Term's resolution of these issues, with an administrative remedy does not alter this unavoidable conclusion, which is inconsistent with the adjudicative responsibilities of the courts. In these circumstances, the doctrine of primary jurisdiction does not require that the Civil Court decline to adjudicate the tenant's counterclaim here, and the Appellate Term was incorrect in holding that the Civil Court should have done so. Therefore, the order is reversed, on the law, with costs, and the matter is remitted to the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, for consideration of the merits of the rent overcharge claim.

KRAUSMAN, J.P., LUCIANO and LIFSON, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, for consideration of the merits of the rent overcharge claim.