Hillside Park 168, LLC, Appellant,
against
Mirbahar Jahangir Hossain, Respondent, et al., Undertenants.




Law Office of Neil R. Finkston (Neil R. Finkston of counsel), for appellant.
Queens Legal Services (George C. Gardner, III of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Lydia C. Lai, J.), entered February 28, 2017. The order, insofar as appealed from as limited by the brief, granted the branch of tenant's motion seeking to stay a holdover summary proceeding pending the determination of a related Supreme Court action.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking to stay the holdover proceeding pending the determination of a related Supreme Court action is denied.
In this holdover proceeding based upon tenant's failure to execute and return a renewal lease, tenant moved to, among other things, stay the proceeding pending the determination of a related Supreme Court action, asserting that he and other tenants in the building had commenced an action in the Supreme Court for rent overcharges, deceptive business practices, harassment and retaliation. As limited by its brief, landlord appeals from so much of an order of the Civil Court as granted that branch of tenant's motion.
"There is a strong rule against staying a summary proceeding pending the determination of an action in another court, as a landlord is entitled by statute to an expeditious determination of its claim that it is wrongfully being denied possession" (2094-2096 Boston Post Rd., LLC v Mackies Am. Grill, Inc., 51 Misc 3d 150[A], 2016 NY Slip Op 50844[U], *2 [App Term, 2d Dept, 9th and 10th Jud Dists 2016]; see RPAPL article 7; Scheff v 230 E. 73rd Owners Corp., [*2]203 AD2d 151 [1994]). Here, the resolution of this proceeding based on tenant's failure to sign a renewal lease will turn principally on the issue of whether, as tenant claims, the rent set forth in the renewal lease was excessive. Inasmuch as this defense, and tenant's other defenses, are fully cognizable in the Civil Court proceeding (see Matter of Rockaway One Co., LLC v Wiggins, 35 AD3d 36 [2006]), in the circumstances presented, it was an improvident exercise of discretion for the Civil Court to stay the proceeding (see CASSM Realty Corp. v Cohen, 38 Misc 3d 136[A], 2013 NY Slip Op 50144[U], *1 [App Term, 1st Dept 2013]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking to stay the holdover proceeding pending the determination of a related Supreme Court action is denied.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 12, 2018